STANTON S. CLARK & another *vs.* INHABITANTS OF RUSSELL.

Hampden. Sept. 21, 1874. — Jan. 7, 1875. MORTON & ENDICOTT, JJ., absent.

A town made a contract with A. to keep its highways and bridges in repair for a year, appropriated money for such work, and took a bond from A. for the performance of his contract. A. refused to perform his contract, and notified the selectmen thereof, and they made a contract with 'B. to do the work. *Held,* that the selectmen could not, without express authority, make such a contract, although the contract with A. was not available, the roads were out of repair, and the selectmen were left with no other means for putting the roads in repair, except by employing some person to work thereon.

CONTRACT for keeping the highways and bridges of the defendant town in repair, in 1870. At the trial in the Superior Court, before *Allen,* J., there was evidence tending to show the following facts:

At the annual town meeting of said town on March 14, 1870, Newman Bishop, a responsible person, offered to keep said highways and bridges in repair for one year for $1000; the town, by vote, accepted the offer, and, at the same meeting, voted " to raise, for repairs of highways and bridges, $1000;" and on April 2, 1870, took a bond from Bishop conditioned for the performance of his agreement. On the same day Bishop refused to perform his contract, and notified the selectmen. No available means existed for the repair of the roads, except to hire some one to repair them. No surveyors were chosen for the year in controversy, and no provision was made for the repair of roads, except the contract with Bishop.

On said April 2, after the delivery of the above mentioned bond, the plaintiffs made a contract with the selectmen of the defendant town, to keep one half of its highways and bridges in repair for the year 1870, for $500. They performed their work.

The defendant asked the judge to instruct the jury as follows: " 1. If the town of Russell, at its town meeting in March, 1870, contracted the work for which the plaintiffs sue in this case, to Bishop, the selectmen had no power, without authority by vote of the town, to release Bishop from his contract, or to make a contract for the same work with other parties; and the plaintiffs cannot recover.

" 2. If the work for which the plaintiffs claim pay in this suit was performed by virtue of a contract made with the selectmen, and the selectmen were not authorized by vote of the town to make such contract, and the town itself had already contracted with another party for the same work, which contract the town itself had not rescinded or annulled, the plaintiffs cannot recover."

The judge did not so instruct the jury; but instructed them that they were to determine whether or not the selectmen did employ the plaintiffs, and if so, whether or not they were authorized, as hereinafter specified, so to do; that if the town had made a contract with Bishop, and that contract was in force and available for the purpose of obtaining the repairs of the roads, the selectmen would have no right to make the contract with the plaintiffs; but if Bishop had refused to perform his contract, and had notified the selectmen thereof, and the contract with him was not available for the obtaining the repair of the roads, and

the selectmen were left with no other means for procuring the roads to be put in repair than to employ some person to work thereon, and the roads were out of repair, then the selectmen would be authorized to make the contract with the plaintiffs.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*H. B. Stevens,* for the defendant.

*M. B. Whitney,* (*G. M. Stearns* with him,) for the plaintiffs.

COLT, J. The obligation of towns to repair highways is created, and the mode of fulfilling it provided for, by statute. The duty may be performed by surveyors regularly chosen, or by work done under contracts with the surveyors, or with others, provided the surveyors or other agents are first duly authorized by the town to make such contracts. Gen. Sts. *c.* 44, §§ 11, 13.

The plaintiffs worked in repairing highways under a contract with the selectmen of Russell, by which they were to be paid a fixed sum for keeping one half the highways and bridges of that town in repair for the current year. No highway surveyors had been chosen, and under the instructions given the jury must have found that there was no sufficient provision made by the town, by contract or otherwise, for the duty required, and that the roads were in fact out of repair at the time the contract was made. But there was no vote of the town authorizing the selectmen to make a contract.

The judge ruled, in substance, that upon this state of facts they were authorized to make this contract. This is the only question open upon these exceptions.

The powers and duties of selectmen are not distinctly defined by statute. They can only exercise the powers which are incident to the limited authority conferred upon them by their office; they are not general agents, clothed with all the powers of the corporate body for which they act; they are to be regarded rather as special agents, with power to do such acts as are required to meet in the ordinary way the exigencies that may arise in town affairs. The extent of this authority may indeed depend largely upon long continued usage and custom. It is not necessary here to define carefully its limits, or to say that in a case where no other provision is made, the selectmen, in a temporary emergency, may not employ labor in the repair of highways, in order to

secure the safety of the public, and the protection of the town from liability. It is enough that, without express authority, they cannot make contracts like this. The statute provisions make it plain that such contracts, to be binding on the town, can only be made by surveyors of highways, or agents expressly authorized. *Smith* v. *Cheshire*, 13 Gray, 318. *Hawks* v. *Charlemont*, 107 Mass. 414. *Goff* v. *Rehoboth*, 12 Met. 26. *Loker* v. *Brookline*, 13 Pick. 343, 350. *Butler* v. *Charlestown*, 7 Gray, 12. *Walpole* v. *Gray*, 11 Allen, 149.                *Exceptions sustained.*