JOHN McCORMICK *vs.* CITY OF BOSTON.

Suffolk. March 7. — Sept. 8, 1876. AMES & MORTON, JJ., absent.

If a person is employed by the proper officers of a town to repair its highways, his right to maintain an action against the town, to recover compensation for his work, is not affected by the fact that the officers of the town acted from improper motives.

Where no assignment of the limits and divisions of the ways of a town is made to each highway surveyor under the Gen. Sts. *c.* 44, § 6, the surveyors may nevertheless act together, or by a majority of the whole board.

Two highway surveyors of a town, there having been no assignment of a particular district to each surveyor, employed men to repair a way within the town without the concurrence or knowledge of the other three surveyors, who, upon learning of the work, directed it to be stopped. The bills for the work were afterwards approved by the whole board, and did not appear to be in excess of the appropriations. *Held,* in an action by one of the workmen against the town, for compensation for the work done, that it was a question for the jury whether the employment was by due authority, or whether it was subsequently ratified by the whole board of surveyors.

CONTRACT for labor done in making repairs upon a highway. Trial in the Superior Court, before *Wilkinson,* J., who ordered a verdict for the defendant; and the plaintiff alleged exceptions, the substance of which appears in the opinion.

*E. F. Hodges & J. W. Keith,* for the plaintiff.

*C. F. Kittredge,* for the defendant.

COLT, J. The work for which the plaintiff claims pay was done in making ordinary repairs reasonably required upon Centre Street, in that part of the city of Boston formerly West Roxbury, which was annexed under the St. of 1873, *c.* 314. The only question is whether there was evidence to justify the jury in finding that the work of repairing the road was done by the plaintiff under a contract of employment made with agents of the town, by which West Roxbury, before its annexation, became responsible to him for it. If so, then the plaintiff is entitled to recover, and his right is not affected by the fact that the officers of the town, some or all, may have acted from improper motives. *Bay State Brick Co.* v. *Foster,* 115 Mass. 431.

It is objected that in the year 1873, when this work was done, no assignment in writing of highway districts had been made by the selectmen to the highway surveyors, as required by Gen. Sts. *c.* 44, § 6. But, in the view we take, this objection becomes immaterial, because, where no highway districts are assigned, the

surveyors may act together, or by the voice of the major part of the whole body, so as to bind the town effectually in the discharge of its public duty in this respect. *Callender* v. *Marsh*, 1 Pick. 418, 426. For the year 1873, the five persons named were chosen selectmen and highway surveyors, and duly entered upon the discharge of their respective duties with no question, now made, that the offices are incompatible. *Benjamin* v. *Wheeler*, 15 Gray, 486. *Bay State Brick Co.* v. *Foster, ubi supra.* Acting as a board of highway surveyors, they had authority, as public officers and agents of the town, to employ labor in the repair of the highways. There was evidence that the plaintiff was so employed by two members of the board; that he did this work faithfully; that the three other members recognized it as work done for the town by directing its discontinuance as such; and that the bills rendered for it were approved by the full board among its last official acts. If the jury are satisfied that the plaintiff was employed, or that his previous employment was ratified by the whole board, his claim for compensation will not be defeated by the failure of the selectmen to make a written assignment of highway districts.

It is further objected that the highway surveyors had no authority to bind the town for the plaintiff's work on Centre Street, because the sum granted by the town for the repair of highways for the year 1873 had been previously expended. It is not contended that there was any neglect on the part of the town to vote a sufficient sum of money for the repair of highways, or any occasion for the exercise of the powers given in the Gen. Sts. *c.* 44, § 14. But the facts reported fail to show that the amount claimed is in excess of the appropriations made for highways, whether the account be made up with the several districts as they had existed in previous years, according to the apportionment of the selectmen, March 13, 1873, or with the whole town as constituting only one district, in the absence of any written assignment "of the limits and divisions of highways" to be kept in repair by each surveyor; and this disposes of the objection, without considering whether the vote of the town at its annual meeting, authorizing the treasurer, "under the direction of the selectmen, to transfer any unexpended and uncalled for balance to any department where needed," would not of itself be sufficient answer to it.

Upon the whole case, it could not be properly ruled, as matter of law, that the plaintiff could not maintain his action.

*Exceptions sustained.*