### ANDREW CURRAN *vs.* INHABITANTS OF HOLLISTON.

Middlesex.　January 12. — 17, 1881.　COLT, J., absent.

A town may vote to pay a person who has performed work on its highways, although the work was done merely under the direction of one of the selectmen, who was also surveyor of highways, and not under the direction of the board of selectmen, as required by the St. of 1877, *c.* 58.

CONTRACT upon an account annexed for work and labor. Answer, a general denial.　Trial in the Superior Court, without a jury, before *Pitman*, J., who reported the case for the determination of this court in substance as follows:

In March 1878, Cornelius J. Driscoll and two other persons were legally elected selectmen and surveyors of highways of the defendant town, and all three served in both capacities for one year.　On April 20, 1878, Driscoll, as such highway surveyor, employed the plaintiff to work on the highways in Holliston; and the plaintiff worked on the highways all of that day and a few hours on the following day, when he was notified by the other two surveyors to stop work, as it would not be paid for by the town; but Driscoll told him to continue the work, that the town was good for it, and he would be responsible.　The plaintiff thereupon continued to work, until the work he was ordered to do by Driscoll was finished, working eleven days and four hours in all.　He then demanded pay for the work of the selectmen of the town, and was refused payment.

The by-law of the town regulating the payment of money from the treasury of the town is as follows: "No money shall be paid out of the town treasury except on written orders drawn and signed by the selectmen."

On September 2, 1878, a meeting of the inhabitants of the town was duly held under a warrant containing the following article: " To see if the town will instruct the selectmen to pay certain claims against the town for work done on the highway under the direction of Cornelius J. Driscoll, one of the highway surveyors of said town, or take any other action in relation to said claim." At that meeting the following vote was passed: " Voted, that the selectmen instruct the town treasurer to pay on demand the men who worked on the highways under Cornelius J. Driscoll." The plaintiff is one of the men who so worked under Driscoll; and, though often requested, the selectmen have refused to instruct the town treasurer to pay, and the treasurer, though in funds, has never paid the plaintiff for his work, or any portion of it. No other or different action has been taken by the town. The work which the plaintiff seeks to recover for was done on the ways of the town, which it was legally bound to keep in repair, and was of benefit to the town.

The defendant put in evidence the testimony of the other two selectmen and highway surveyors, Stone and Thompson, who testified that they notified the plaintiff some time on the morning of the plaintiff's second day's work to stop work, and that the town would not pay for the work. They further testified, that in the opinion of both, as highway surveyors, the money to be expended in paying for the work to the plaintiff, or any portion of it, would not be carefully and judiciously expended; that the work was not needed there as much as in other places. The plaintiff offered to introduce evidence of others, citizens of the town, that the plaintiff's work was not only beneficial, but necessary, on the highways; but the judge excluded the testimony, and ruled that the opinion and judgment of the majority of the selectmen was conclusive on the question as to whether the money to be paid the plaintiff was carefully and judiciously expended under the St. of 1877, *c.* 58. And the judge found that said work was not done under the direction of the selectmen or surveyors as a board, or under the action or direction of any one but said Driscoll.

At the annual meeting in March 1878, the town appropriated the sum of $1500 for the repairs of highways for that year. A partial examination of the highways before April 20, 1878, had

been made by all of the board of selectmen together, and certain work had been ordered to be done in various directions; but the town had not been divided into highway districts.

The judge being of opinion that the town, as incidental to its power to raise money for the repair of highways, had a right in its discretion to vote to pay for labor on the same of which it had the benefit, rendered under the circumstances stated, found for the plaintiff for the amount of his bill and interest. If the finding was correct, judgment was to be entered for the plaintiff; otherwise, a new trial was to be had, except that it was agreed that, if the plaintiff could recover only the value of the work before he was notified to stop work, judgment was to be entered for him for four dollars and costs.

*W. B. Gale & W. N. Mason*, (*J. P. Gale* with them,) for the defendant.

*J. F. McEvoy & C. J. McIntire*, for the plaintiff.

ENDICOTT, J.   It is the duty of towns to repair their highways, and they have the right to raise money for that purpose, and to pay those who have performed labor thereon.   In this case, the plaintiff had worked on the highways in Holliston; and the town could properly vote to pay him for the labor of which it had received the benefit.   It is true the labor was done under the direction of one of the selectmen, who was also surveyor of highways, and not under the direction of the board of selectmen, as required by the St. of 1877, c. 58.   But that statute merely places the surveyors of highways under the direction of the selectmen, in regard to the manner of expending the money voted for the repair of highways.   It does not limit the powers of a town itself to pay those who have performed labor in such repair, although not performed as contemplated by the statute.   It is to be presumed that the town meeting determined that it was just and equitable that the labor performed by the plaintiff for the benefit of the town should be paid for by the town, and we cannot revise that decision.   *Friend* v. *Gilbert*, 108 Mass. 408.   *Hall* v. *Holden*, 116 Mass. 172.

*Judgment for full amount.*