## JAMES W. BEAN *vs.* INHABITANTS OF HYDE PARK.

Suffolk.   Nov. 10, 1886. — Jan. 6, 1887.   HOLMES & GARDNER, JJ.,
absent.

Neither the selectmen of a town nor its highway surveyors have power, without a
vote of the town authorizing it, to make a contract for the construction of a
way ordered by the county commissioners, and pledge the credit of the town
therefor; and a vote of the town appropriating a certain sum "for highways"
does not confer such authority.

CONTRACT to recover $975, for labor performed and materials furnished to the defendant, within the limits of River Street, in Hyde Park, as relocated by the county commissioners.   Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows:

It was admitted that H. C. Stark, S. B. Balcom, and A. H. Brainerd were duly chosen and qualified as selectmen and highway surveyors of Hyde Park, for the year 1881; that said selectmen did not in 1881, "before the first day of May, assign in writing to each surveyor the limits and divisions of the highways and town ways to be kept in repair by him;" that at the annual town meeting, held on March 31, and, by adjournment, on April 5, 1881, it was "Voted to make the following appropriation for the current year: For highways, $7000;" that at least $1000 of said sum remained unexpended in the hands of the treasurer of Hyde Park, at the time of the performing and furnishing of the work and materials hereinafter set forth, though it was subsequently expended on the highways; and that, in the following October, the town appropriated $1000 in addition to the amount aforesaid, for the purpose of keeping the highways of the town in repair during the remainder of that year.   The balance unexpended from these appropriations at the end of the year was $2.40.   River Street is an ancient highway.

The plaintiff introduced in evidence an attested copy of a decree of the county commissioners of Norfolk, dated January 1, 1873, relocating River Street, fifty feet wide, according to a certain plan, and ordering the town to complete the way within three years.   Said plan was introduced in evidence at the trial,

and was explained by George L. Richardson, civil engineer and surveyor, who testified that the ledge, for the removing of which the plaintiff did the work sued for, extended into River Street, as relocated. The travelled way was thirty feet wide between said ledge and the sidewalk on the opposite side of the street, before the work was done by the plaintiff.

The plaintiff offered to show that he made a contract with one of the said selectmen and highway surveyors, which was approved by another, and also that, when the work was done, two of said selectmen and highway surveyors met the plaintiff at said ledge and measured what work had been done, and then agreed that the plaintiff had done just what he was directed to do by them, and in accordance with the lines run by said Richardson, who was sent there for that purpose by one of said selectmen and highway surveyors.

There was no evidence introduced or offered to show that the town ever voted to do, or ever did, anything to carry into execution said decree of the county commissioners in relation to River Street. The town did not pass any vote authorizing the selectmen or highway surveyors to make the alleged contract with the plaintiff, or to employ the plaintiff to do the work and furnish the materials for which he brought this action.

It did not appear that the selectmen or highway surveyors passed any vote with reference to the contract with the plaintiff, except as may be inferred from the facts as herein stated and offered to be proved.

The judge ruled that said selectmen and highway surveyors were not authorized by the town, and had no authority, to employ the plaintiff on behalf of the town to perform the labor and furnish the materials, as hereinbefore set forth; refused to admit the evidence offered by the plaintiff; and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. W. Keith & W. H. Powers*, for the plaintiff.

*J. E. Cotter*, for the defendant.

MORTON, C. J. We assume, for the purposes of this case, that the county commissioners of Norfolk, in 1873, relocated River Street in the town of Hyde Park, and determined that the town should construct the way, within three years, according to the location. It became the duty of the town to construct

the way according to the order of the commissioners, and, if it did not do so, the commissioners could cause the way to be completed, pay for it out of the county treasury, and issue a warrant against the town for the collection of the expense. Pub. Sts. c. 49, §§ 60, 61. But the selectmen, or highway surveyors, have no authority to construct the way and pledge the credit of the town therefor, unless they are authorized by a vote of the town. As stated in *Smith* v. *Cheshire*, 13 Gray, 318, " They are not general agents. They are not clothed with the general powers of the corporate body for which they act. They can only exercise such powers and perform such duties as are necessarily and properly incident to the special and limited authority conferred on them by their office. They are special agents, empowered to do only such acts as are required to meet the exigencies of ordinary town business." It is difficult to define with precision the powers of selectmen. But we have no doubt that it is not within their ordinary powers to proceed, without any special authority, and build a way ordered by the county commissioners.

In the case at bar, there was no vote of the town authorizing the selectmen to finish River Street, or to contract with the plaintiff to work upon it. The vote to appropriate " $7000 for highways " did not confer such authority. It was intended for the maintenance and repairs of existing highways, and cannot be construed to authorize the selectmen to pledge the credit of the town for building a new road according to the order of the commissioners. The work for which the plaintiff sues was not work done in the ordinary repairs of the highways ; and the Superior Court properly ruled that he could not recover of the town for it. *Clark* v. *Russell*, 116 Mass. 455. *Todd* v. *Rowley*, 8 Allen, 51. *Exceptions overruled.*