WILLARD D. BLANCHARD *vs.* INHABITANTS OF AYER.

Worcester. October 2, 1888. — January 2, 1889.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Town — Way — Surveyors of Highways.*

Highway surveyors have no power to bind a town by contracts, not within the Pub. Sts. c. 52, §§ 5, 6, for the ordinary repairs on highways, without authority from the town, conferred either by express vote or by a practice and custom adopted by it.

CONTRACT for labor done and materials furnished in making repairs upon a highway in the defendant town. At the trial in

the Superior Court, before *Mason*, J., evidence was introduced
tending to prove the following facts.

The county commissioners of Middlesex, on November 3,
1885, duly ordered repairs to be made on the Mitchellville
bridge over the Nashua River, and forming part of the highway
between Ayer and Shirley, and the abutments to be rebuilt,
each town to rebuild the abutment within its limits. The de-
fendant town, at its annual meeting in 1886, duly voted that a
certain sum of money should be raised by taxation "for roads
and bridges," and that Alfred Page, Patrick Donlan, Jr., and
William B. Fenner, who had been duly elected selectmen, should
act as surveyors of highways for the ensuing year. The select-
men duly qualified as highway surveyors, and proceeded to act
as such, without dividing the town into highway districts. In
August, 1886, Page, acting for the selectmen and highway sur-
veyors, orally contracted with the plaintiff to rebuild that abut-
ment of the bridge which was in the defendant town, and the
plaintiff thereupon rebuilt and completed such abutment. At
the same time the plaintiff rebuilt certain wing or side walls
that extended back from either end of the abutment, and thus
formed a support to the highway as it approached the bridge;
and it was in controversy between the parties, whether the re-
building of the wing walls was a part of the oral contract with
Page.

The plaintiff offered evidence, which was contradicted, tend-
ing to show that, during the progress of the rebuilding of the
abutment, he made an oral contract with Page and Donlan to re-
build the wing walls, as a separate transaction from the building
of the abutment; but it was admitted that, in whatever Page
and Donlan did in respect to the oral contract, they were acting
for the board of selectmen and highway surveyors. There was
no other evidence of authority, on the part of the selectmen
and highway surveyors, to make the contract on behalf of the
defendant, except what appears from the foregoing statement of
the facts and evidence.

At the close of the evidence, the defendant requested the
judge to rule as follows: 1. "There is no evidence to warrant
a verdict for the plaintiff." 2. "There is no evidence to war-
rant a finding that the selectmen or surveyors of highways

had authority to make any contract with the plaintiff to do the work and furnish the material mentioned in the plaintiff's declaration."

The judge declined so to rule, and submitted the following issue to the jury: "Did the selectmen, acting as surveyors of highways, make an agreement with the plaintiff to build the side or wing walls, as a separate transaction from the building of the abutments?"

The jury answered the issue in the affirmative, and thereupon the judge directed them to return a verdict for the plaintiff; and the defendant alleged exceptions.

*F. P. Goulding*, for the defendant.

*H. C. Hartwell*, for the plaintiff.

W. ALLEN, J. The action is to recover the value of work done and materials furnished by the plaintiff upon a highway in the defendant town, under an oral contract with the selectmen and highway surveyors of the defendant. There was no act or vote of the defendant affecting the matter, except the election of selectmen and making them highway surveyors. If the contract related to the building of abutments ordered by the county commissioners, neither the selectmen nor the highway surveyors had authority to expend money or to make any contract for the work. *Bean* v. *Hyde Park*, 143 Mass. 245. The plaintiff contends, and it must be assumed under the special finding of the jury, that the work was done in ordinary repairs of the highway, and the only question is whether highway surveyors have authority to bind their towns by contract for such repairs.

Highway surveyors are public officers, whose duties and authority are prescribed by statute, and are not by statute agents of their towns. *White* v. *Phillipston*, 10 Met. 108. *Walcott* v. *Swampscott*, 1 Allen, 101. *Barney* v. *Lowell*, 98 Mass. 570. The statute provides that towns shall vote money for repairs of highways, and that such money shall be expended by the surveyors of highways; that if there is a deficiency in the amount appropriated within the limits assigned to any surveyor, or if the amount is not furnished or paid to him, he may employ persons to make the necessary repairs, on the credit of the town, to an amount not exceeding ten dollars; and that if the town neglects

to vote sufficient money for the purpose, or does not otherwise provide therefor, each surveyor in his own district, first having obtained the consent in writing of the selectmen, may employ persons to make necessary repairs on the credit of the town. Pub. Sts. c. 52, §§ 3–9.

These provisions are plain; the money appropriated to each surveyor's district is to be paid to him and expended by him; if the amount appropriated is insufficient, or if it is not paid to him, he can contract in behalf of the town to an amount not exceeding ten dollars; if that is not sufficient, he can, with the written approval of the selectmen, contract for the town to any amount necessary. A highway surveyor cannot himself perform or furnish labor on the credit of his town; *Jones* v. *Lancaster*, 4 Pick. 149; *Sikes* v. *Hatfield*, 13 Gray, 347; *Goddard* v. *Petersham*, 136 Mass. 235; not even when authorized by the statute to employ labor to the extent of ten dollars. *Armstrong* v. *Wendell*, 9 Met. 522. He cannot, except in the cases and manner pointed out by statute, make any contract for his town. *Loker* v. *Brookline*, 13 Pick. 343. See also, as to selectmen, *Clark* v. *Russell*, 116 Mass. 455.

It is argued, that the statute intends that the surveyor may contract for the town to the extent of the money appropriated for highways, and unexpended at the time of the contract. Apart from the improbability of the intention of the Legislature to establish a rule so complicated and difficult of application, it would be a very forced construction to infer from a duty imposed upon a public officer to expend money furnished to him by a town for public purposes, authority to bind the town by contract to pay money. Besides, such a construction is at variance with the plain intention of the statute. The statute intends, when there is no action of the town modifying its operation, that the selectmen shall assign to each surveyor his district, and fix the amount which he is to expend in his district, and that the amount shall be paid to him to expend. It cannot intend to authorize him to bind the town by contract to pay money to others from its treasury which it has already paid to him, while it gives him authority to contract for the town to the amount of ten dollars only, when the money is not paid to him, but remains in the treasury.

Until 1871 highway taxes might be paid in labor or in money; they were separately assessed, and when paid in money were collected by the highway surveyor in his district, or by the town collector and paid to the surveyor, who was to expend the money and account with the selectmen, and at the expiration of his office pay any money remaining unexpended to the town treasurer. St. 1786, c. 81. St. 1796, c. 58. Rev. Sts. c. 25, §§ 7–12, 16, 17. Gen. Sts. c. 44, §§ 12, 16–18. The St. of 1871, c. 298, abolished labor taxes, and provided that sums raised for repairing public ways should be assessed and collected like other town taxes. There was no express repeal or change of any other of the provisions just referred to. The Pub. Sts. c. 52, did not expressly re-enact the provisions of the General Statutes, that the money when collected should be paid to highway surveyors, but implied that that should be done in the provisions that the money should be expended by the surveyor; that, if it was not paid to him, he might employ persons for the town in the manner pointed out; and that he should render an account to the selectmen of all moneys expended by him, and, if any money remained unexpended in his hands at the expiration of his office, that he should pay it to the town treasurer.

While there is nothing in the statute which prohibits a town from making a highway surveyor its agent to make contracts for it, instead of expending money for it, such authority must be derived from the town. The statute does not give it. The only authority it gives to the surveyor is to expend moneys placed in his hands, and if money is not furnished to him, or if that which is furnished proves insufficient, to contract for the town to the extent and in the manner provided by the statute. If it is desirable to adopt new methods for disbursing the money of the town, better adapted to changed circumstances and conditions, the town can do it. Under the statute, the highway surveyor is the disbursing officer; but the town can employ another disbursing officer, giving to the surveyors authority adapted to the change. As a town may ratify a contract by a highway surveyor not within the statute, (*Curran* v. *Holliston*, 130 Mass. 272,) so it may authorize its surveyors to make contracts not within the statute; and it can do this by express vote, or by a practice and custom adopted by the town.

If, for instance, a town should adopt a rule that all bills for labor and materials in repairing the ways should be paid by the town treasurer, on the order of a highway surveyor approved by the selectmen, there can be no doubt that a person performing labor at the request of a surveyor, and having the proper order upon the treasurer for payment therefor, would have a right of action against the town. Authority by the town to make the contract for labor would be implied. While the gradual change from a labor tax collected by the surveyor to a money tax collected like other town taxes, which was completed by the St. of 1871, c. 298, and the provision, introduced by the St. of 1877, c. 58, that the surveyors in expending moneys should be under the direction of the selectmen, could not confer authority to make contracts, such changes with the growth of towns and their increased expenditures and improved modes of business might be expected to lead to a change by many towns from the old and primitive statute methods of disbursing moneys raised for the repairs of public ways.

This seems to have been the case in *McCormick* v. *Boston,* 120 Mass. 499, which is the case relied on by the plaintiff. That was an action to recover payment for work in making ordinary repairs upon a highway in West Roxbury, just before its annexation to Boston. It is said in the opinion, that the question was whether the work was done under a contract made by agents of the town, and only two objections to the recovery by the plaintiff are considered or suggested. One is, that no assignment in writing of highway districts had been made. The selectmen were highway surveyors, and the court held, in conformity with earlier decisions, that they could act together as a board of highway surveyors without an assignment of districts. It is in this connection that the court say that, acting as a board of highway surveyors, they had authority as public officers and agents of the town to employ labor in the repair of the highways. The remark was aimed at the manner of exercising their authority, whether severally or jointly, and not at the source or nature or extent of the authority. The other objection was, that the surveyors had no authority to bind the town, because the sum granted for the repairs of highways had been expended. The court say, in answer to this objection, that the facts reported

fail to show that the amount claimed was in excess of the appropriation. The facts that the only questions raised assumed that the highway surveyors of the town had a right to contract for labor to the extent of the appropriation, and that the objection, so obvious upon the statute and the decisions, that highway surveyors did not officially have that right, was not raised, and that the surveyors were twice in the opinion spoken of as agents of the town, suggest that there were facts not material to the questions raised, and not appearing in the published report, which were regarded as concluding the question of the authority of the highway surveyors of the town to contract to the extent and in the manner claimed.

It appears, upon referring to the full text of the bill of exceptions, that there were in evidence by-laws and votes of the town prescribing the manner in which money should be drawn from the town treasury, and, among other things, that no town officer should incur any debt on account of the town in any department beyond the amount appropriated therefor, and appointing the board of selectmen a committee of accounts; and also votes of the selectmen requiring highway surveyors to make monthly returns to the selectmen, who were to examine and approve all accounts and pass no bills in excess of appropriations, and prescribing that the treasurer be authorized to pay no bills except to the parties to whom the money was due, or to their order, and that all moneys due from the town to different individuals should be paid directly by the treasurer of the town. It appeared also that the plaintiff's bill was approved and allowed by the selectmen. It is evident that the idea that the highway surveyors were authorized to contract to the extent of the appropriation was derived from the action of the town, and not from the statute, and that the doctrine that the statute gives to surveyors of highways authority to contract for the town to the extent of the money appropriated by the town for the repairs of highways was not decided or considered in the only case cited as containing a suggestion that such special and peculiar authority is given by the statute.

*Exceptions sustained.*