BAYARD TUCKERMAN, JR., & others *vs.* FRANCIS C. MOYNIHAN.

Essex. February 7, 1933. — April 4, 1933.

Present: CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Municipal Corporations*, Town meeting: warrant, vote; Officers and agents. *Highway Surveyor. Mandamus. Practice, Civil*, Parties.

Votes by a town at town meeting, instructing the town's surveyor of highways as to the manner of securing bids for contracts for highway work and of letting such contracts, and instructing him to discontinue the use of two motor trucks in such work, to return one of them to its owner and to sell the other, were within the scope of an article in the warrant for the meeting, "To raise and appropriate money for Schools, Highways and all town expenses and determine the manner of expending same."

Under G. L. (Ter. Ed.) c. 40, § 4; c. 84, § 7, a town had the power to require that its surveyor of highways, in making contracts for work

on highways, let contracts only to the lowest bidder after the receipt of sealed bids in response to an invitation to bid published in a certain newspaper; that all contracts be approved by the selectmen; and that bidders "be limited to" the town: such requirements were not an interference with the duties imposed by law upon the surveyor as a public officer, but were merely a regulation of the power conferred on him by the town to make contracts for keeping the highways in repair.

It was within the powers of a town to instruct its surveyor of highways to cease using in highway work certain motor trucks in the possession of the town.

The town, however, could not impose upon the surveyor the duty to return to its owner one of such trucks and to sell another belonging to the town.

Voters of a town, not shown to have any private right or interest beyond the right and interest of the general public and not charging any failure by the town's surveyor of highways to perform his duty of keeping its ways in repair, could not maintain a petition for a writ of mandamus commanding the surveyor to comply with votes of the town at town meeting instructing him as to the manner of securing bids for contracts for highway work and of letting such contracts, and instructing him to discontinue the use in such work of two motor trucks in possession of the town, to return one of them to its owner and to sell the other.

PETITION, filed by voters of the town of Hamilton in the Supreme Judicial Court for the county of Essex on August 20, 1932, for a writ of mandamus commanding the respondent "forthwith to put into effect the provisions of the said vote [quoted in the opinion] relating to the said trucks, and to put into effect the other provisions of the said vote that are hereinbefore set forth whenever any work on the highways of the said town where trucks are required is about to be done."

The case was heard by *Wait*, J., upon the petition and answer, and was reported for determination by the full court.

*E. E. Crawshaw*, (*G. A. Schofield* with him,) for the petitioners.

*A. A. Schaefer*, (*R. B. Walsh & J. T. Mountz* with him,) for the respondent.

WAIT, J. At its annual town meeting in March, 1932, the town of Hamilton passed three votes: (1) "That the Surveyor of Highways be hereby instructed that all work

on highways, including Snow Removal, where trucks are required, be let to the lowest bidder after sealed proposals have been received in response to suitable advertising in the Salem Evening News, work under this motion to start not later than April 1, 1932, and further, that said contract be approved by the Board of Selectmen; that the bidders on work on highways, including Snow Removal be limited to the Town of Hamilton"; (2) "That the Town authorize and instruct the surveyor of Highways to discontinue the use of the Mack Truck on all Town work and that said Mack Truck be returned to the owner, the Commonwealth of Massachusetts, not later than April 1, 1932"; (3) "That the Town authorize and instruct the Surveyor of Highways to discontinue the use of the Ford dump truck, now attached to the highway department, and that said Ford dump truck be disposed of by sale to the highest bidder not later than April 1, 1932." This action was taken under an article in the warrant for the meeting, which read: "To raise and appropriate money for Schools, Highways and all town expenses and determine the manner of expending same." The last clause of (1) was added on an amendment offered by the respondent Moynihan. He later at the meeting was elected surveyor of highways. He has accepted the position; but has absolutely disregarded the votes, believing them to be invalid. In this belief the selectmen share. Twelve taxpayers in Hamilton file this petition for mandamus to compel him to put the votes into effect. He admits the facts alleged: that the Mack truck is the property of the Commonwealth; that the Ford dump truck belongs to the town; and that both have been in use in work in repairs upon the highways of the town after April 1, 1932. He contends that the votes are invalid because not within the scope of the article of the warrant; are inoperative because as highway surveyor of Hamilton he is not bound by them; and because they are in violation of G. L. (Ter. Ed.) c. 41, § 62, which provides that "If a highway surveyor be chosen, he shall have the exclusive control of the ordinary repair of public ways in his town without being subject to the authority of the selectmen"; and, lastly, in

part at least, are unenforceable in this proceeding because mandamus is an improper remedy.

G. L. (Ter. Ed.) c. 39, § 10, requires that the warrant for a town meeting shall state "the subjects to be acted upon thereat"; and enjoins that "No action shall be valid unless the subject matter thereof is contained in the warrant." From early times a broad interpretation has been given this language. It has been held to be complied with if the warrant indicates "with substantial certainty the nature of the business to be acted on." *Coffin* v. *Lawrence,* 143 Mass. 110, 112. "The articles . . . are the mere abstracts or heads of the propositions which are to be laid before the inhabitants for their action; and matters incidental to and connected with such propositions are alike proper for their consideration and action." *Haven* v. *Lowell,* 5 Met. 35, 40–41. Matters of which they give substantial and intelligent notice may properly be dealt with under them. In *Haven* v. *Lowell* this court, in holding an article sufficient, took into account circumstances well known in the vicinity. No such strictness is to be used in construing articles which deal with matters generally acted upon by towns as is required in an article relating to modification of a zoning ordinance under G. L. (Ter. Ed.) c. 40, § 30, and the decision in *Nelson* v. *Belmont,* 274 Mass. 35. The voters of Hamilton were notified that the matter of the expenditure for highways would be taken up. This involved not only the amount to be spent, but the methods of raising the money and the manner in which it was to be spent. Whether apparatus owned or possessed by the town should be utilized or should be disposed of was fairly incidental to a decision of the expenditure. So, too, the requirement that certain expense should be incurred only after sealed bids had been obtained was reasonably incidental to the subject matter — expenditure on the highways. The details in regard to place of publication and approval by the selectmen have close connection with the business acted upon. It cannot properly be held that the subject matter of the votes was not contained in the warrant.

Our statutes authorize a town to "make contracts for the

exercise of its corporate powers" (G. L. [Ter. Ed.] c. 40, § 4); to appropriate money "For laying out, discontinuing, making, altering and repairing public ways, and for materials used and labor employed thereon" (c. 40, § 5 [4]); to hold personal property, to "make such orders as it may deem necessary or expedient for the disposal or use of its corporate property," and to place it in the charge of any particular board, officer or department (c. 40, § 3); to "authorize their surveyors or road commissioners or any other person to enter into contracts for making or repairing the ways therein" (c. 84, § 7). They require that "Highways and town ways shall, unless otherwise provided, be kept in repair at the expense of the town in which they are situated" (c. 84, § 1); and they impose the duty of seeing that the ways are so kept in repair upon surveyors of highways, or upon road commissioners where the latter officials are chosen (c. 84, § 7). They require the election of one or the other official (c. 41, § 1). They define the sphere of duty of a highway surveyor (c. 41, § 62) as follows: "If a highway surveyor be chosen, he shall have the exclusive control of the ordinary repair of public ways in his town without being subject to the authority of the selectmen. If more than one highway surveyor be chosen, the selectmen shall annually, before May first, assign to each surveyor the limits and divisions of the ways to be kept in repair by him." They point out what he must do in c. 84, § 7: "Surveyors of highways and road commissioners shall remove whatever obstructs the public ways within their respective towns or districts, or endangers, hinders or incommodes persons traveling thereon; and shall forthwith cause snow to be removed or trodden down so as to make such ways reasonably safe and convenient. If a town neglects to vote a sufficient amount for the proper repair of ways therein, or does not otherwise effectually provide therefor, each surveyor, in his district, or the road commissioners, may employ persons to make such repairs, who shall be paid by the town; and towns may authorize their surveyors or road commissioners or any other person to enter into contracts for making or repairing the ways therein." These statutes make the town responsible

for the expense of repairing its ways; but they place the burden of seeing that the work is done upon surveyors of highways who in performing this duty are not the agents of the town, but are public officials. *White* v. *Phillipston,* 10 Met. 108. *Pratt* v. *Weymouth,* 147 Mass. 245, 254, 255. *Hafford* v. *New Bedford,* 16 Gray, 297. See *Curran* v. *Holliston,* 130 Mass. 272; *Johnson* v. *Somerville,* 195 Mass. 370, 378, 379. By implication there is a duty upon the town to maintain its ways in a condition reasonably safe and convenient for travellers; for a distinct duty is enjoined upon it to appropriate money to meet the expense and a penalty is imposed for neglect (c. 84, § 22). The town can contract for making the repairs with any one, *Twombly* v. *Billerica,* 262 Mass. 214, *Clark* v. *Russell,* 116 Mass. 455, *Hawks* v. *Charlemont,* 107 Mass. 414, *Sikes* v. *Hatfield,* 13 Gray, 347, even though a highway surveyor has been elected. The statute cited by the defendant does not release the surveyor from the authority of the town. It is "without being subject to the authority of the selectmen" that his power is conferred. He is not required, as once he was, to go to the selectmen for written consent to employment by him of persons to make repairs where insufficient provision has been made by the town, yet when, in his judgment, repair is imperative. See, for example, St. 1877, c. 58, which enacted that the expenditure by the surveyor of the appropriation for repairs should be made under the direction of the selectmen. It has been decided that he has no general power to contract for repairs. *Loker* v. *Brookline,* 13 Pick. 343, 350. *Sikes* v. *Hatfield,* 13 Gray, 347. *Bean* v. *Hyde Park,* 143 Mass. 245. *Blanchard* v. *Ayer,* 148 Mass. 174. See also *Jones* v. *Lancaster,* 4 Pick. 148. That power the town alone can confer. The authority granted by the Legislature to the town to confer it, in terms permits contracts for repairs to be made with "any other person" (c. 84, § 7). This power to contract, taken with the other power, specifically given, to make contracts for the exercise of its corporate powers, implies, we think, power to impose the conditions as to bids, bidders, publication, and approval set out in the vote here challenged. *Oliver* v. *Gale,* 182 Mass. 39, although it dealt

with a contract of a board of health, is, in principle, authority that a town may require a board, not its agent but performing a public duty at the expense of the town, to let out its work to the lowest bidder. In so doing the town is not interfering with the performance of the highway surveyor's duty to see that its ways are kept in repair. It is regulating his power to contract with reference to that subject matter. The latter it can properly do. The former it cannot.

The votes with reference to the trucks were taken apparently in connection with the appropriation of money for repairs of the ways and the manner of expenditure for that purpose. The use or disposition of the trucks was properly a question for the owner or possessor, who was not the surveyor of highways. No right in them was in him. The town rightfully could let him use them or refuse to do so. It refused. There is nothing to show any invalidity in these latter votes.

The surveyor of highways, however, was not in duty bound to accept the agency for return or sale sought to be thrust upon him; 'nor was he bound, in performing the duty to keep the ways in reasonably safe condition, to permit the town to dictate his action. He can contract only within the limits of the authority conferred by the town; but he can order necessary repairs to be made in such manner as he deems best, and the town must pay the bill.

This situation forces us to consider whether the present petition for mandamus can be maintained. A petition for mandamus asks the court, in its discretion, to order an inferior court, a corporation or an officer to perform a public, ministerial or official duty. Ordinarily it can be maintained only by petitioners who have a private right or interest beyond the right and interest of the public or their fellows affected by the action complained of. *Warner v. Mayor of Taunton,* 253 Mass. 116. The petitioners here have no right or interest beyond that of the voters and taxpayers of Hamilton. Compare *Police Commissioner of Boston v. Boston,* 279 Mass. 577. Nevertheless, under the law of Massachusetts, where the question is one of public

right and the object of the proceeding is to compel the performance of a public duty not due to the government as such, and no other remedy is open, a private person may move without showing that he has any legal or special interest in the result beyond his interest as a citizen in the execution of the laws. *Attorney General* v. *Boston*, 123 Mass. 460, 479. *Brewster* v. *Sherman*, 195 Mass. 222, 224. *Bancroft* v. *Building Commissioner of Boston*, 257 Mass. 82, 84. *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, 93. Where, however, special provision is made otherwise by the laws for the enforcement of the duty, mandamus is not the remedy, *School Committee of Lowell* v. *Mayor of Lowell*, 265 Mass. 353; and where the duty is owed to the government as such, private individuals, even if taxpayers, cannot resort to it. *Wellington, petitioner*, 16 Pick. 87. It is not, except in rare instances, a remedy for the enforcement of contractual obligations. 18 R. C. L. pages 121, 129, 130. Here the petitioners do not charge any dereliction in the performance of the respondent's statutory duty to keep the ways of the town in proper repair. Their complaint is that he has disregarded commands of the town and refused to act as its agent in certain things. If he has ever undertaken to act as its agent, which does not appear, the town is the party in interest. These petitioners have no private or special interest in the matter; and that matter is not one of his public duty or of any duty imposed by law upon him. The town is the party to move against him. They show no authority from the town to take action on its behalf. A bill in equity, not mandamus, is their remedy if they contend that money of the town is being spent or about to be spent wrongfully.

We are unable to see that any duty imposed by law on this respondent has been violated, or that the petitioners make out a case.

*Petition dismissed.*