JOHN McCOURT COMPANY *vs.* JOSEPH A. SINGARELLA.

Suffolk.    May 8, 1956. — July 19, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract*, What constitutes, For reimbursement. *Permit. Agency*, What constitutes. *Way*, Public: permit to open.

After the opening of a city street under a permit from the city's commissioner of public works providing that the restoration of the surface of the street should be "effected by the city" by its employees or by contract as the commissioner should choose and should be "paid for" by the permittee, the commissioner in requesting a contractor to restore the surface did not act as an agent of the permittee but solely in behalf of the city and did not render the permittee liable to the contractor to pay for the work of restoration.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 16, 1953.

The action was heard by *Tomasello, J.*

*Robert Sullivan, (Bernard C. Welch* with him,) for the plaintiff.

*William I. Schell,* for the defendant.

RONAN, J. This is an appeal by the plaintiff from an order of the Appellate Division of the Municipal Court of the City of Boston vacating a finding for the plaintiff made in the Municipal Court and ordering a finding to be entered for the defendant.

The defendant in the performance of his contract with the Metropolitan Transit Authority was required to excavate a portion of Boylston and Arlington streets in the vicinity of the Arlington Street subway entrance. The defendant applied for, and received from the commissioner of public works, a permit to excavate portions of these streets. One of the conditions of the permit read as follows: "In case of an opening, the restoration of the permanent paving or other permanent surface of the street shall be effected by the city as directed by the commissioner, the work to be done by city employees or by contract or otherwise in his discretion, the standard, type and extent of the repairs necessary to effect such restoration to be determined by him and to be paid for by the person accepting this permit, such payment to be made in advance on the basis of the commissioner's estimate, or at the commissioner's election, during the progress of or after the completion of such restoration." The plaintiff was requested by the commissioner to restore the top filling, which it did, and now seeks payment from the defendant. Before it began this work the plaintiff was notified by the defendant that the latter would not pay it if it did the work. The permit on its face stated that it was granted subject to specifications on the other side and that statement was immediately followed by the notation, "Accepted by J. A. Singarella Co. by John H. Guiney."

The liability of the defendant to the plaintiff must be determined by the terms of the written permit. The permit was granted by the city and accepted by the defendant. There were no other parties to it. The restoration of the permanent pavement was to "be effected by the city." In other words, the city was to do the work. Payment for doing the work was to be made to the city. There was no provision in the permit requiring the permittee to pay anyone else. Payment to the city may be required before the work is undertaken, during its progress, or after its completion in the discretion of the commissioner acting not as agent for the permittee but as an officer of the city. Acting

in that capacity the work may be done by city employees or by contract as the commissioner may direct. In any event, the permit requires the permittee to reimburse the city for the expense incurred in the restoration of the pavement. It is not contended that, if the work was done by the city or by a contractor, the employees of either became employees of the permittee or that in such an event he would be liable for their wages, workmen's compensation, or other benefits that an employer is to furnish to his employees. The commissioner could not bind the defendant by requesting the performance of work by the plaintiff. The commissioner was not the agent of the defendant. He acted solely in behalf of the city. His powers were limited. *Wormstead* v. *Lynn,* 184 Mass. 425. *Quincy* v. *Brooks-Skinner, Inc.* 325 Mass. 406, 413. In the absence of any ordinances or statutory provisions we need not decide whether the plaintiff could recover against the city. Neither do we decide whether the city could sue the defendant. We merely hold that on this record the plaintiff cannot recover against the defendant.

*Order of Appellate Division affirmed.*