Connor, J.
The plaintiff, pursuant to a written contract dated February 1,1997, had rendered architectural services with respect to “Phase F renovations to the Brewster Town Hall. All but $187.50 of the basic fee of $27,000.00 had been paid. The contract contemplated that the plaintiff would also be involved in additional phases of the project at the option of the defendant and after negotiation of a mutually acceptable fee.
As “Phase II” of the project approached, the plaintiff prepared an extension agreement with a basic fee of an additional $27,000. The extension, which incorporated the terms of the original contract, was presented to the defendant. Prior to the extension being executed, the plaintiff rendered the proposed services with the knowledge and acquiescence of the defendant and was paid $26,250 of the basic fee as well as for “extra services.” Before the remaining $750 was paid, a dispute arose between the parties and the defendant has refused to pay the balance claiming that, without a written contract, it has no obligation.
On the day of trial, December 18,2000 the defendant, without the plaintiff objecting to the procedure, argued what amounted to a motion for summary judgment The defendant claimed that since there was no written authorization for the “Phase II” services, the defendant was not obligated to make further payments. The Court agreed in its memorandum and order of December 19,2000, awarding the plaintiff the balance due under the Phase I contract and dismissing its claim for Phase II services.
The plaintiff moved for either a new trial or amendment to the judgment Its requests were denied and it has pursued its appeal in a timely manner pursuant to Dist/Mun. Cts. R. A. D. A, Rule 8C(g).
Most contracts for the procurement of materials for local government must comply with the provisions of G.L.c. 30B. An essential element of those contracts imposed by sec. 17 is that they must be in writing. Excepted from this statute by sec. 1(b) (2) are architectural services which are subject to sections 38A1/2 to 380 of G.L.c. 7 known as the “design selection statute.” The statute was a response to the Special Commission Concerning State and County Buildings, more popularly referred to us as the Ward Commission. As a result of its investigation into the corruption in the awarding of public construction contracts, the Ward Commission made detailed legislative proposals to closely regulate all aspects of the bidding process. See, LeClair v. Town of Norwell, 430 Mass. 328, 332 (1999).
While many of the provisions of the statute deal exclusively with state agencies, section 38K of G.L.C. 7 makes the selection procedure for design service contracts for any construction project in excess of $100,000 by any dty and town board subject to the “purposes and intent” of the entire statute.[1] In acknowledging that this statute is applicable, *2 the plaintiff is conceding the construction project costs were in excess of $100,000. Further, the statement in the defendants trial memorandum that Phase II construction costs were $326,000 was not disputed in the plaintiffs responsive memorandum[2]
Although there is no specific provision in G.L.c. 7 mandating these contracts be written, such is the clear and inescapable conclusion from analyzing the statute as a whole and comparing it to G.L.c. 30B, sec. 7. The entire bidding procedure must be in writing according to sec. 38K. The contract itself is required by section 38H to include four separate certifications by the contractor that it has fulfilled certain obligations. All fees are required by sec. 38G(6) to be “stated in designer’s contracts.” All of these provisions imply or demand a written contract
The fact that Phase II was an extension of the written Phase I contract does not provide a way around the written requirement For sec. 38C(f) (1) states that contracts for “continued services” were not excluded from the requirements of the statute.
The plaintiff argues that since it rendered services with the knowledge and approval of town officials, it is entitled to recover on the theory of quantum meruit While the plaintiff may be entitled to some sympathy, it is bound to accept that a person who “enters a contract with a public officer who undertakes to act for and bind a municipal corporation must at his... peril ascertain the extent of the authority of that public officer with whom he deals.” Potter & MacArthur, Inc. v. Boston, 15 Mass. App. Ct. 454 at 459 (1983) quoting from Wormstead v. Lynn, 184 Mass. 425, 428 (1903). Since the contract was illegal for failure to meet statutory requirements, no recovery is allowed based on quantum meruit Massachusetts General Hospital v. Revere, 385 Mass. 772 (1982).
The order dismissing the claim was correct The appeal is dismissed.
So ordered.

 Chapter 7, sec. 38C dispels any ambiguity as to whether the $100,000 in sec. 38K applies to the design fee or the construction cost

 See defendants trial memorandum, page 11.