J. MERRILL BROWN *vs.* INHABITANTS OF MELROSE.

Middlesex.   January 13, 1892. — February 25, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Town Vote — Contract — Ratification.*

A town, after voting to appoint a committee "to procure plans, specifications, and estimates for a high school building, to select" a site, "and to prepare a report for the action of the town at the next annual meeting," immediately voted to authorize its treasurer to borrow a sum not over $500 "for the use of said committee in carrying out" the first vote. The committee was appointed, and contracted with an architect for the plans, specifications, and estimates at the customary charge for such services, which was more than $500. At the next annual meeting, the committee reported what it had done, and commended the plans; and this report was accepted by the town, but was not otherwise acted upon. *Held*, that a ruling, in an action brought by the architect against the town for the sum agreed upon for his services, that the vote of the town did not authorize the committee to make the contract with the plaintiff, that the committee had no authority to incur a greater expense than $500, and that the acceptance of the committee's report was not a ratification of its acts, was correct.

CONTRACT, upon an account annexed, to recover $800 for services as an architect in drawing plans and specifications for a schoolhouse in the defendant town. Trial in the Superior

Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows.

It appeared that, at a legally called meeting of the defendant town, held on November 5, 1889, for the purpose of seeing what action the town would take in relation to erecting a building for a high school, and purchasing land for the same, and authorizing the treasurer to borrow such sums of money as were deemed necessary, the following votes were duly adopted:

" Voted, That a committee consisting of three male members of the school committee and six others, two each from Wyoming, Melrose Centre, and Melrose Highlands, be appointed by the moderator to procure plans, specifications, and estimates for a high school building, to select two or more suitable lots of land from which the town may choose a location for the same, and to prepare a report for the action of the town at the next annual meeting in March.

" Voted, That the treasurer of the town be authorized to borrow a sum not exceeding.five hundred dollars, for the use of said committee in carrying out the provisions of the above vote."

The latter vote, as it appeared by the town records, immediately followed the first vote. The committee was duly appointed by the moderator.

The plaintiff introduced evidence that, after this town meeting, the committee made a contract with the plaintiff to prepare plans and specifications, and obtain estimates for a high school building to cost $32,000, and agreed to pay him for his services the sum of $800, the same being the customary charge for such services, namely, two and one half per cent on the cost of the building; that, at a legal meeting of the defendant town, on March 3, 1890, called " to hear and act upon the report of the committee appointed November 9, 1889, to procure plans, specifications, and estimates for a high school building, to select land," etc., the committee reported that it had unanimously chosen the plans prepared by the plaintiff, and that a building erected in accordance with such plans would be " an ornament to our town, and will accommodate our high school for many years."

This report was signed by all the members of the committee; and at an adjourned meeting of the town, on March 17, 1890, the

report was accepted, but was not otherwise acted upon. It did not appear that the schoolhouse was ever built.

The judge ruled that the vote of the town of November 5, 1889, did not authorize the committee to make the contract with the plaintiff, that the committee under the vote had no authority to incur a greater expense than $500, and that the acceptance of the committee's report was not a ratification of its acts; and directed the jury to return a verdict for the plaintiff in the sum of $414. The plaintiff, being dissatisfied with this amount, alleged exceptions.

*E. H. Pierce*, for the plaintiff.

*F. S. Hesseltine*, for the defendant.

FIELD, C. J. The single question is, whether it appears from the votes passed that the committee's authority to expend money or incur debts on behalf of the town in carrying out the provisions of the first vote was limited to a sum not exceeding five hundred dollars. We are inclined to the opinion that the ruling on this question was right. There is nothing to indicate that any money was appropriated " for the use of said committee in carrying out the provisions of the above vote," except that which by the second vote the treasurer was authorized to borrow. Not much aid can be derived from the reports, because the votes of towns authorizing expenditures of money by committees often differ from each other in important respects. If the second vote had authorized the committee to carry out the provisions of the first vote at a cost or expense not exceeding five hundred dollars, the meaning would have been plain. *Turney* v. *Bridgeport*, 55 Conn. 412. We think, however, that this must be the meaning of the vote, although it is not very clearly expressed. There was nothing in the acceptance of the committee's report by the town which ratified the committee's act in incurring an expense exceeding five hundred dollars. It does not appear that the report informed the inhabitants that the committee had incurred any such expense.

*Exceptions overruled.*