## FRANCIS M. McCARTHY *vs.* GUY C. EMERSON.

Suffolk.     March 24, 1909. — May 22, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Civil Service.     Mandamus.*

Under St. 1904, c. 314, as modified by St. 1905, c. 243, one who duly is enrolled in the classified list of the civil service of the Commonwealth, before he can be removed by his superior officer, is entitled, if he requests it in writing, to a full and proper hearing in the nature of a trial.

Where, upon being notified by his superior officer that he was indefinitely suspended, one, who duly was enrolled in the classified list of the civil service of the Commonwealth, requested in writing that he be given a hearing on the charges against him according to St. 1904, c. 314, as modified by St. 1905, c. 243, and upon a day set by his superior officer attends before him for that purpose, but, when he requests his superior officer to furnish him with information and to produce for him the testimony in support of the charge and specifications against him and letters from him to the department upon which certain specifications are based, such requests are refused, and he is not allowed to be sworn, he is not given such a hearing as the statute requires, and, upon his petition after his removal following such proceedings, a peremptory writ of mandamus reinstating him will be issued.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on September 17, 1908, for a writ of mandamus to compel the respondent, the superintendent of streets of Boston, to restore the petitioner to his former position as foreman in the paving division of the street department.

The case was heard by *Hammond,* J., and by him reserved for determination by the full court.     The facts are stated in the opinion.

The case was submitted on briefs.

*J. H. Colby & E. A. Bayley,* for the petitioner.

*A. L. Spring,* for the respondent.

SHELDON, J.     The petitioner was employed as a foreman in the paving division of the street department of the city of Boston, and was removed or indefinitely suspended from that position on or about June 2, 1908, by the respondent, who was and is the superintendent of streets of that city.     He asks in this petition for a writ of mandamus to compel the respondent to restore him to his former position.     He was duly enrolled

in the classified list of the civil service of the Commonwealth, and by the terms of St. 1904, c. 314, as modified by St. 1905, c. 243, he could not be removed or indefinitely suspended " except for just cause and for reasons specifically given in writing." This statute also provided that he should be notified of such proposed action, should be furnished with a copy of the reasons required to be given, and should, if he so requested in writing, " be given a public hearing and be allowed to answer the charges preferred against him either personally or by counsel." The question is whether as matter of law it appears affirmatively from the admitted facts and from the evidence which was heard by the single justice, that his removal was contrary to these provisions of the statute.

There is no doubt that the reason assigned for the petitioner's removal, " neglect of duty," was a sufficient cause ; and there is no doubt that if he was given a public hearing upon this charge and the specifications filed thereunder, the respondent's conclusion was final and cannot be reviewed by this court. *Ayers* v. *Hatch,* 175 Mass. 489, 492. *Hogan* v. *Collins,* 183 Mass. 43. *Dunn* v. *Mayor of Taunton,* 200 Mass. 252, 258. Whether he was given such a hearing depends upon the meaning of that word in the statute already referred to. The petitioner's contention is that it ought to be taken as meaning that he must have substantially a fair trial, though perhaps an informal one, upon the charge preferred against him ; the respondent claims that the statute was intended merely to prevent a person's being discharged without publicity, and without having a chance to appear before his superior officer and make whatever statement he might desire, and have the transaction made a matter of public record.

The respondent argues that the difference between the language of the statute before us and that of other statutes upon similar subjects is such as to maintain his contention. This statute provides that the person sought to be removed shall if he so requests in writing, " be given a public hearing and be allowed to answer the charges preferred against him either personally or by counsel." St. 1904, c. 314, § 2. R. L. c. 19, § 23, as amended by St. 1905, c. 150, gives to veterans the right to " a full hearing " after at least seventy-two hours' written notice

with a statement of the reasons for the proposed action, and provides that the hearing shall be before certain named boards or officers. St. 1906, c. 210, as amended by St. 1907, c. 272, provides that police officers and members of the district police, with certain exceptions, shall not be removed, etc., " except for just cause and for reasons specifically given in writing," and gives them the same right to a hearing provided for by St. 1904, c. 314, § 2. In St. 1900, cc. 69, 133, provision is made for a hearing before the board of selectmen. But we do not consider that the fact that in this act of 1904 provision is not made for a hearing before an independent tribunal can be made the ground for a difference in the construction of these statutes. There is no less need for a full and proper hearing, in the nature of a trial, if there is reason to apprehend some bias on the part of the appointed tribunal against the person to be heard than if the former were wholly free from prejudice. If the statute before us had provided simply that the employee or officer sought to be removed should first have an opportunity to give an explanation of his conduct, a different question would be presented. *People* v. *Thompson,* 94 N. Y. 451. But in that very case it was said by the court (p. 463) that under a statute providing that certain officers might " be removed by the mayor for cause and after an opportunity to be heard," the charges must be specified, and unless admitted must be proved to be true, with the right to the officer to cross-examine the witnesses and to call others. Morton, J., in *Ayers* v. *Hatch,* 175 Mass. 489, 492, uses language to the same effect, citing *People* v. *New York,* 19 Hun, 441, *People* v. *Nichols,* 79 N. Y. 582, and *People* v. *New York Fire Commissioners,* 12 Hun, 500. The right to a hearing, with notice of the charges, especially where, as here, the right to be represented at such hearing by counsel is especially secured, contemplates a proceeding in the nature of a judicial investigation, although it is one in which the attainment of substantial justice rather than the observance of any particular formalities is aimed at. *People* v. *Dalton,* 158 N. Y. 204. *People* v. *Police Commissioners,* 155 N. Y. 40. *Joyce* v. *Chicago,* 216 Ill. 466. *State* v. *Superior City,* 90 Wis. 612.

It sufficiently appears that the petitioner has had no such hearing. He was not allowed to know anything of the evidence

on which the charge and specifications against him were based. His request for information and for the production of the testimony against him was expressly refused. He was not allowed to be sworn. He asked for the production of the letters which he had sent to the street department, and which might be and were claimed to be material to the second specification against him, and this was refused. Mr. Adams, who at that hearing represented the respondent, justified the course taken on the alleged ground that the hearing was not a judicial one. On Mr. Adams's advice the petitioner was not allowed to ask any questions of the respondent. Permission to attend the hearing apparently was refused by the respondent to employees of the department whose testimony the petitioner desired to put in. The petitioner never had the hearing to which he was entitled. He was merely allowed to make such statement as he desired. We can find in the course adopted nothing more than an attempt to evade the provisions of the statute, as in *Garvey* v. *Lowell*, 199 Mass. 47, and *Ingram* v. *Jersey City*, 34 Vroom, 542. If there were any possible doubt upon this question, it would be removed by the testimony of the respondent given before the single justice which, taken in connection with the admission of the petitioner's veracity made at the hearing before the respondent, came very near to being a complete vindication of the petitioner. Although it is true that the respondent's determination would have been final and conclusive if the hearing provided for by the statute had really been given to the petitioner, *Gaw* v. *Ashley*, 195 Mass. 173, 177, upon the facts before us the removal was unlawful, and a peremptory writ of mandamus must issue as prayed for.

*So ordered.*