CHARLES W. AMERIGE vs. INHABITANTS OF SAUGUS.

Essex.    December 5, 1910. — February 28, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Municipal Corporations*, Officers and agents.

The selectmen of a town, which has accepted the provisions of R. L. c. 104, § 4, with regard to the appointment of "the superintendent of public buildings or such other officer as the . . . selectmen . . . may designate" to be inspector of buildings, have no power to fix the compensation of one whom they have appointed building inspector.

*It seems,* that a person appointed to be an inspector of buildings in a town which has accepted the provisions of R. L. c. 104, § 4, with regard to the appointment of "the superintendent of public buildings or such other officer as the . . . selectmen . . . may designate" to be such inspector, is not entitled to any additional compensation for the duties thus imposed upon him.

MORTON, J.    This is an action of contract to recover for services rendered to the defendant by the plaintiff as a building inspector.    The case was heard on agreed facts and the trial judge * found and entered judgment for the defendant.    The plaintiff appealed.

At the annual town meeting in March, 1907, the defendant town, under an article in the warrant relating thereto, voted to accept Pub. Sts. c. 104.    This was a mistake, it is agreed, for R. L. c. 104.    After accepting the statute the town did nothing more, unless the appropriation of $6,000 at the same meeting for "selectmen's incidentals" can be so regarded, and we do not think it can.    In April following the March meeting the selectmen passed a vote appointing the plaintiff building inspector, "compensation to be determined later"; and the clerk sent him a paper to the effect that he had been appointed building inspector, "to serve from April 11, 1907, to May 1, 1908, unless said appointment shall be revoked previous to that date."    There has been no revocation.    In May the selectmen held a meeting and voted that the building inspector's fee should be "fixed at $5.00 per inspection."    In August of the same year the selectmen passed a vote terminating the plaintiff's compensation of

* *Fessenden, J.*

$5 for each inspection, and leaving the compensation to be fixed at such rate as the board might from time to time determine. The plaintiff was duly notified of this vote and replied declining to assent to the action of the selectmen and claiming that he was appointed for one year at the rate which had been fixed. The plaintiff inspected twenty-five buildings after his appointment and before this action was brought.

The statute provides that in a city or town which accepts it " the superintendent of public buildings or such other officer as the mayor and aldermen . . . or the selectmen . . . may designate shall be inspector of buildings." R. L. c. 104, § 4. But it gives the selectmen no power to fix the compensation ; and if any inference in respect to that matter is to be drawn from the requirement that the building inspector shall be the superintendent of public buildings or such other officer of the city or town as may be designated by the mayor and aldermen or selectmen, it would seem to be that it was not expected that the officer so designated would receive any additional compensation for the duties thus imposed upon him. There is no such relation between a public officer and the town or city in and for which he is elected or appointed as to entitle him merely by reason thereof to compensation. *Sikes* v. *Hatfield,* 13 Gray, 347. But however that may be, it is plain, we think, that if he is to receive compensation the matter is one which under R. L. c. 25, § 95, it is for the town and not for the selectmen to pass upon. The selectmen having had no authority to bind the town by the contract alleged to have been entered into on its behalf, and the town not having ratified or approved it, if it had the power to do so, it follows that this action against the town to recover upon the alleged contract cannot be maintained.

*Judgment affirmed.*

The case was submitted on briefs.

*M. F. Cunningham,* for the plaintiff.

*H. C. Attwill,* for the defendant.