MARTIN E. DRISCOLL *vs.* MAYOR OF SOMERVILLE.

Middlesex.    December 6, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Constitutional Law,* Separation of powers.  *Civil Service.  Police, District and Municipal Courts.*

St. 1911, c. 624, providing that, upon a petition by a person holding one of certain offices classified under the civil service rules, who after the hearing provided for by St. 1904, c. 314, § 2, as amended by St. 1905, c. 243, has been removed therefrom, lowered in rank or compensation, suspended, or, without his consent, transferred from such office to any other, a police, district or municipal court shall review the action of the officers or board who so ordered and shall affirm it unless it shall appear that it was made without proper cause or in bad faith, in which case it shall be reversed and the petitioner shall be reinstated in his office, does not give executive powers to a court, and is constitutional.

RUGG, C. J.  This is a petition for a writ of mandamus to compel the mayor of Somerville to reinstate the petitioner to the position of patrol driver in the police department of that city.  The respondent removed the petitioner from his place after the preliminary proceedings required by law.  The latter then petitioned the Police Court of Somerville in accordance with St. 1911, c. 624,*

---

* St. 1911, c. 624, § 1, reads as follows: "Every person now holding or hereafter appointed to an office classified under the civil service rules of the Commonwealth, except members of the police department of the city of Boston, of the police department of the metropolitan park commission, and except members of the district police, whether appointed for a definite or stated term, or otherwise, who is removed therefrom, lowered in rank or compensation, or suspended, or, without his consent, transferred from such office or employment to any other, may, after a public hearing, as provided for by section two of chapter three hundred and fourteen of the acts of the year nineteen hundred and four, as amended by chapter two hundred and forty-three

for a review of this action of the mayor. That court found that the removal was made without proper cause, and reversed the order of removal and ordered the petitioner to be reinstated. The only contention made by the respondent is that St. 1911, c. 624, is unconstitutional because in contravention of that portion of art. 30 of the Declaration of Rights which prohibits the judicial department of government from exercising executive powers. The statute provides that the action of an officer or board in "removing, suspending, lowering or transferring" a person holding certain offices classified under the civil service law may be "reviewed" by a court whose decision "shall be final and conclusive upon the parties."

It is argued that because it has been said that the "power to appoint and the power to remove officers are in their nature executive powers," (*Murphy* v. *Webster*, 131 Mass. 482, 488,) it follows that no step in the removal of one from office can be vested by law in the courts. But such a conclusion is not sound. The civil service law has for one of its objects the establishment of a tenure for certain public officers and employees, which shall be secure from arbitrary removal by executive power. One means of accomplishing this end is to require executive officers to make certain removals only after preparing a specification of charges as grounds for removal and giving to the office holder or employee a public hearing upon those charges. Such a hearing, although held before an officer whose main functions are executive, is "in the nature of a judicial investigation." *McCarthy* v. *Emerson*, 202 Mass. 352, 354. It requires no argument to demonstrate that the question whether certain charges of misconduct or inefficiency have been substantiated by evidence is judicial in its essence. The same is true of the

---

of the acts of the year nineteen hundred and five, and within ten days after such hearing, bring a petition in the police, district or municipal court within the judicial district where such person resides, addressed to the justice of the court and praying that the action of the officer or board in removing, suspending, lowering or transferring him may be reviewed by the court, and after such notice to such officer or board as the court may think necessary, it shall review the action of said officer or board, and hear the witnesses, and shall affirm said order unless it shall appear that said order was made by said officer or board without proper cause or in bad faith, in which case said order shall be reversed and the petitioner be reinstated in his office. The decision of the justice of said police, district or municipal court shall be final and conclusive upon the parties."

question whether a removal has been made without proper cause or in bad faith.. A statute which requires a court to review the decision of questions like these, upon petition after notice to all parties and a hearing, according to judicial procedure, does not impose the performance of executive duties. It requires neither the removal nor the appointment of executive officers by the judicial department of government. It simply provides for a review of the decision of a question which is in its character judicial, by a court of law. There is nothing inconsistent with this view in *Boston* v. *Chelsea*, 212 Mass. 127.

We have discussed on its merits the point raised by the respondent. It is concluded, however, against his contention by *Barnes* v. *Mayor of Chicopee, ante,* 1. In accordance with the terms of the report, the interlocutory order denying the motion to dismiss the petition is affirmed and the case is to stand for trial on its merits.

*So ordered.*

The case was submitted on briefs.
*W. A. Buie & W. J. Shanahan,* for the petitioner.
*F. W. Kaan,* for the respondent.