HARRIET E. MEADER *vs.* INHABITANTS OF WEST NEWBURY.

Essex.    March 16, 1926. — May 26, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Municipal Corporations,* Officers and agents, Police.    *Contract,* Validity, Ratification.

Selectmen of a town are public officers whose powers and duties are controlled by statute.

A person who enters into a contract with a public officer is bound at his peril to ascertain the extent of the authority of the officer with whom he deals.

The selectmen of a town which has not accepted the provisions of G. L. c. 41, § 97, have neither express nor implied authority to make a contract with the wife of one who has been elected constable and whom they had appointed "to be in charge of police matters of the town, with the title of chief of police," for the payment to her of compensation for the use by him of an automobile owned by her.

If, under a warrant at a town meeting "to see what action the town will take in regard to a bill of" the wife of the constable for the use of her automobile in the circumstances above described, a motion to pay the bill was lost and the town voted to authorize the selectmen "to approve such portions of the bill as they can lawfully do, and to the extent which they have authority provided the claimant furnish to the town with a receipt for all bills due her," the alleged contract by the selectmen was

not ratified nor were they given authority beyond that which they possessed by virtue of their official positions.

The provisions of G. L. c. 40, § 5, cls. 22, 30, gave the town no authority to appropriate money to reimburse the owner of the automobile in the circumstances above described; and, even if they did, they would not be applicable since it did not appear that any money had been appropriated by the town to pay the claim.

CONTRACT, with a declaration in two counts. In the first count the plaintiff alleged in substance that the defendant engaged of her the use of her automobile for the purpose of patrolling and otherwise attending to traffic on the highway in the town and agreed to pay her for such use whatever was just and reasonable; that, acting upon such agreement and promise, "the plaintiff used and permitted to be used her said automobile . . . five thousand eighty-seven road miles . . . and that a reasonable price for such use is sixteen cents . . . per mile." The second count was upon the account annexed. · Writ dated November 14, 1923.

In the Superior Court, the action was tried before *Freeman,* J. Material evidence and rulings by the trial judge are described in the opinion. With leave reserved by the judge under the provisions of G. L. c. 231, § 120, a verdict was recorded for the plaintiff in the sum of $583.31. Thereafter the judge ordered a verdict for the defendant and, in accordance with the stipulation of the parties described in the opinion, reported the action to this court for determination.

*A. B. Rigney,* for the plaintiff.

*J. M. Raymond,* for the defendant.

CROSBY, J. This is an action of contract in which the plaintiff seeks to recover for the use of an automobile. In March, 1922, the plaintiff's husband, upon being elected one of three constables of the town of West Newbury, was appointed by the selectmen "to be in charge of police matters of the town, with the title of Chief of Police." Shortly after his appointment he had a conference with the selectmen concerning the use of the plaintiff's automobile during the ensuing season, and thereafter during that year, he used it in connection with his duties as constable and chief of police. The jury before whom the case was tried found that at the

conference above referred to the selectmen made an agreement with the plaintiff, acting through her husband, to compensate her for such use.

In 1923 the plaintiff presented a bill of $813.92 for the use of the automobile, and the selectmen caused a special town meeting to be held in August following. The warrant for the meeting contained two articles, the first of which was: "Art. 1. To see what action the Town will take in regard to a bill of Harriet E. Meader for the use of her automobile by police in 1922." The record of the meeting kept by the town clerk was as follows: "Art. 1. Under this article the vote to pay the bill for the use of Mrs. Harriet E. Meader's auto in 1922 was lost." A substitute motion was made and voted. It declared that "the town authorized the Selectmen to approve such portions of the bill as they can lawfully do, and to the extent which they have authority provided the claimant furnish to the town with a receipt for all bills due her up to Aug. 1, 1923."

The jury returned a verdict for the plaintiff in the sum of $583.31. The judge, in accordance with leave reserved under G. L. c. 231, § 120, entered a verdict for the defendants. The case is before this court on a report, in which it is recited that, in accordance with the stipulation of the parties, if it should be determined that the selectmen by virtue of their office had authority to make the agreement above referred to on behalf of the defendants, or if the vote of the town was a ratification of the agreement, then in either case the verdict for the defendants is to be set aside and judgment is to be entered for the plaintiff for the amount found by the jury. Otherwise judgment is to be entered for the defendants on the verdict.

Selectmen are public officers whose powers and duties are controlled by statute. A person who enters into a contract with a public officer is bound at his peril to ascertain the extent of the authority of such an officer with whom he deals. *Wormstead* v. *Lynn*, 184 Mass. 425. *Higginson* v. *Fall River*, 226 Mass. 423. *Franklin Savings Bank* v. *Framingham*, 212 Mass. 92. *Conners* v. *Lowell*, 246 Mass. 279.

There is nothing in the statutes which expressly authorizes

the making of a contract such as is here sought to be enforced; and while there are of necessity certain implied powers of selectmen incident to the special and limited authority conferred upon them, *Smith* v. *Cheshire,* 13 Gray, 318, *Clark* v. *Russell,* 116 Mass. 455, they have no implied authority to make a contract of this nature.

Although the town had not accepted the provisions of G. L. c. 41, § 97, the plaintiff contends that § 96 of the same chapter, which provides that "Selectmen may appoint police officers, who shall hold office during their pleasure," authorizes the making of the contract in question. It is plain, however, that that section has no application to the question involved in the present case. The plaintiff's husband, for whose use it is claimed the automobile was hired, was a constable elected by the town, and the selectmen appointed him to be in charge of police matters with the title of "Chief of Police." Such action on their part, however, gave them no authority to hire an automobile for his use or to fix his compensation. *Amerige* v. *Saugus,* 208 Mass. 51. Nor does it appear that by reason of such designation he was to receive compensation. However that may be, it was for the town and not the selectmen to determine. It follows that the selectmen had no power to make the contract declared on.

The question remains whether the vote of the town constituted a ratification of the contract made by the selectmen. To have that effect it must appear that the town had full knowledge of all the essential facts concerning the transaction to which the vote relates. *Dickinson* v. *Conway,* 12 Allen, 487. *Brown* v. *Melrose,* 155 Mass. 587. It does not appear that the voters had any knowledge of the alleged contract. Neither the article in the warrant nor the vote thereunder alludes to any agreement, but refers merely to the bill presented by the plaintiff. The vote passed, properly construed, was not an approval of the bill. The records of the town clerk show that the vote to pay the bill "was lost." The subsequent vote that "the town authorize the Selectmen to approve such portions of the bill as they can lawfully do, and to the extent which they have authority . . . " falls far short of a ratification of the contract, or of an approval of

the plaintiff's bill. The intention of the voters as expressed in this vote is plain. It authorizes the selectmen to approve such portions of the bill as they had authority in law to approve. The vote gave the selectmen no authority which they did not possess by virtue of their official positions. In other words, it left the matter exactly where it stood before the vote was passed. It follows that the alleged contract was not ratified by the town; and that as the selectmen had no power to pay the bill, the action can not be maintained.

The contention of the plaintiff that the town was authorized to appropriate money to reimburse her under G. L. c. 40, § 5, cls. 22, 30, is not tenable. If these provisions of the statute were applicable, which we do not assume, the town did not vote to appropriate any money for the payment of the plaintiff's claim. It is manifest that the appropriation of $330 was made to be expended for entirely different purposes.

*Judgment for defendant on the verdict.*