THOMAS F. McGOVERN *vs.* INHABITANTS OF SOUTHBRIDGE.

Worcester. September 24, 1928. — October 9, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Municipal Corporations,* Officers and agents. *Contract,* Ratification. *Agency,* Scope of authority.

The town of Southbridge voted that the board of selectmen be authorized to establish an engineering department to consist of a civil engineer or mechanical engineer and a clerk, such department to be responsible to the board, and the engineer to prepare specifications for grades, bounds and materials, depths of all streets, sidewalks, sewers and other con-

structions thereafter built by or charged to the town, and to "recommend to the board of selectmen, his recommendations when approved to be binding upon all departments concerned"; he also was to inspect all work done under his specifications and to be responsible for the fulfilment of all his requirements, and to prepare maps or sketches of all town property. For the purpose of carrying out the above vote, the town further voted "that the town raise and appropriate from the tax levy of the current financial year the sum of $5,500, to establish and maintain said department for the ensuing year." The selectmen thereafter appointed an engineer at a salary of $3,000 per year, he to perform all the duties required as town engineer but not to be required "to devote all of his time," but to continue with private work in which he was engaged in an adjoining State. The selectmen within three months asked him to prepare plans for the enlargement of the sewage disposal works of the town and made with him a contract to pay him $2,000 beyond his salary for such work. The engineer performed that work. Subsequently, without specification in the warrant that any of the appropriation was to be paid the engineer for such services, the town voted an appropriation for such enlargement of the sewage disposal works. In an action by the engineer for the $2,000, it was *held*, that

(1) The agreement that the plaintiff "was not required to devote all of his time" did not make his contract with the town a contract for "part time" service;

(2) The services for which the plaintiff sought extra compensation were within the duties of the engineer as defined by the vote of the town;

(3) The board of selectmen had no authority, as such, to employ an engineer or, when he was employed, to fix his compensation; its authority rested entirely upon the vote of the town;

(4) In the circumstances, the selectmen had no authority, after the plaintiff had accepted the appointment at the salary voted, to enlarge his compensation for services performed or to be performed by him that were outside and beyond the duties which appertained to the office of engineer as defined by the vote of the town;

(5) The vote of the town making an appropriation for the enlargement of the sewage disposal works was not an adoption or ratification of the agreement made between the selectmen and the plaintiff as to the additional compensation.

CONTRACT. Writ dated January 16, 1926.

In the Superior Court, the action was tried before *Greenhalge*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and, on the terms stated in the opinion, reported the action to this court for determination.

*W. W. Buckley*, for the plaintiff.

*W. C. Mellish*, (*A. C. St. Onge* with him,) for the defendant.

PIERCE, J. This is an action of contract in which the town engineer of Southbridge seeks to recover $2,000 for

preparing plans and specifications for certain filter beds in the defendant town, the same being in addition to a salary paid him for services as town engineer. At the trial a verdict was directed for the defendant, and it was agreed by the parties that the case should be reported to this court on the stipulation that "if the directing of the verdict was right, judgment [was] to be entered for the defendant. If, however, on all the evidence, the case should have been submitted to the jury, judgment [was] to be entered for the plaintiff in the sum of $2,000, plus interest from the date of the writ."

"The pleadings, except the writ, which was in the usual form, are made a part . . . [of the report] as also the votes of the town relating to the establishment of the engineering department, and the construction and repair of the filter beds which were introduced in the evidence and which were all the votes of the town pertinent to this matter." All the material evidence introduced at the trial is contained in the report.

At an adjourned town meeting held March 11, 1924, the town of Southbridge under an article "To see if the town will vote to establish an Engineering Department, raise and appropriate money therefor or act anything thereon. . . . Voted, That the Board of Selectmen be and hereby is authorized and empowered to establish an Engineering Department to consist of a civil engineer or mechanical engineer and a clerk. This Department shall be responsible to the Board of Selectmen, and shall retain in the possession of the town all maps, drawings and records pertaining to streets, sidewalks, sewer locations and pipes. The Engineer shall prepare specifications for grades, bounds and materials, depths of all streets, sidewalks, sewers and other constructions hereafter built by or charged to the town. He shall recommend to the Board of Selectmen and his recommendations when approved shall be binding upon all Departments concerned. He shall inspect all work done under his specifications and be responsible for the fulfillment of all his requirements. He shall prepare maps or sketches of all town property. The Selectmen shall select an engineer whose

qualifications shall be those of 'Grade E. Engineers and Chief Engineers,' as provided by amendment to the Revised Civil Service Rules Sec. 6, Chapter 19, of the Revised Laws of the Commonwealth. And for the purpose of carrying out the above vote it is Voted that the town raise and appropriate, from the tax levy of the current financial year the sum of Five thousand five hundred dollars ($5500), to establish and maintain said department for the ensuing year."

At the trial the plaintiff testified "that in March, 1924, he was appointed town engineer by the selectmen of the town of Southbridge at a salary of $3,000 per year, his appointment being the first under an article and vote establishing an engineering department for the town of Southbridge which article and vote are printed with these papers; that he was to perform all the duties required as town engineer as aforesaid but that he was not required to devote all of his time and was to continue with private work in which he was engaged in Rhode Island; that he was re-appointed town engineer in 1925 at a salary of $3,000 per year and also was reappointed in 1926 at a salary of $3,000 per year; that he was paid said salary in monthly instalments throughout the time of his services as town engineer the vouchers stating each month 'on account of salary'; that in June of 1924, the selectmen requested him to prepare plans and specifications for the enlargement of the sewage disposal works of the town; that in 1907 one W. S. Johnson, an engineer, had made plans for the construction of sewage disposal beds in the town of Southbridge several of which were constructed at that time and in his plans he had provided for four additional beds; it was decided by the town of Southbridge to construct six additional filter beds so that the plaintiff drew a plan for two additional filter beds; that he had made notations on the plan to be followed as specifications for the work required at the request of the selectmen, and later made a report to the selectmen in writing, the estimate of cost being $75,000, and embodied in this report an item of $2,000 to be expended for the services of an engineer in preparation of the plans and in superintending the work; that it was agreed between him and the selectmen that he

should receive $2,000 for said work. The evidence of the plaintiff was corroborated by the witnesses who served the town as selectmen in 1924."

On submission to them, the jury answered in the affirmative the question: "Did the selectmen of the town of Southbridge make a contract with the plaintiff, Thomas F. McGovern, to pay him $2,000 for furnishing plans and specifications and services to be rendered in the enlargement and repair of the filter beds in that town?" At an adjourned town meeting held on March 10, 1925, the town, under an article "To see if the town will vote to repair and enlarge the present Sewerage Disposal Works, as recommended by the Town Engineer, raise and appropriate money therefor or act anything thereon. . . . Voted, That the town repair and enlarge the present sewage disposal works, according to plans and specifications prepared by the town engineer, and to raise and appropriate the sum of Eighty thousand dollars ($80,000.00) for this purpose; the sum of Ten thousand dollars ($10,000.00) to be raised and appropriated from the tax levy of the current financial year, and the balance of Seventy thousand dollars ($70,000.00) to be raised on notes or coupon bonds of the town, and that the town treasurer with the approval of the Selectmen be and hereby is authorized to make, sign, execute and deliver the note or notes of the town or coupon bonds of the town for the sum of Seventy thousand dollars ($70,000.00), said note, notes or bonds to be paid at the rate of Ten thousand dollars ($10,-000.00) per year for seven years, the first note, notes or bonds to be paid within one year from the date of issue with interest at the lowest rate obtainable. Vote declared carried unanimously."

The direction of the verdict for the defendant upon the reported evidence for the plaintiff was right. Pursuant to the vote of the town establishing an engineering department, and the vote which defined the duties of the office and the qualifications of the engineer to be appointed by the board of selectmen, and after an appropriation of $5,500 for the purpose of carrying out the vote, the board of selectmen appointed the plaintiff town engineer, for the year 1924, at a

salary of $3,000 per year.  In accepting the position the plaintiff agreed to perform all the duties required as town engineer, as such are defined in the vote of the town above quoted, but he was not required "to devote all of his time." The agreement that the plaintiff "was not required to devote all of his time" was not a contract for "part time" service as the plaintiff contends, but was one which allowed his continuance with private work when that work could be done without interference with work ascribed to the engineer under the vote of the town.  The services which the plaintiff performed and for which he seeks extra compensation were within the duties of the engineer as defined by the vote of the town.  The board of selectmen had no authority, as such, to employ an engineer or, when he was employed, to fix his compensation.  Its authority rested entirely upon the vote of the town, and its power to establish a salary and to make compensation to the engineer, when he was appointed by it, was limited to the appropriation voted by the town. *Amerige* v. *Saugus*, 208 Mass. 51.  Having made the appointment and fixed the compensation, with the acceptance of the engineer the board was without authority during the year to enlarge the compensation for services performed or to be performed by the engineer that were outside and beyond the duties which appertained to the office of engineer as defined in the vote of the town.  *Meader* v. *West Newbury*, 256 Mass. 37.

The vote of the town passed March 10, 1925, was not an adoption or ratification of the agreement made between the selectmen and the plaintiff.  There is nothing in the article upon which the vote of that meeting is authorized which conveys to the voters of the town any intimation that they, at town meeting, would be asked to vote upon the question of a ratification of the action of the selectmen in agreeing to pay the engineer $2,000 for supposed extra official services. *Dickinson* v. *Conway*, 12 Allen, 487.

In accordance with the terms of the stipulation judgment is to be entered for the defendant.

*So ordered.*