# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

SELECTMEN OF MILTON *vs.* JUSTICE OF THE DISTRICT COURT
OF EAST NORFOLK.

SELECTMEN OF MILTON & another *vs.* SAME.

Norfolk.   June 27, 1933. — March 27, 1934.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Jurisdiction.   Civil Service.   District Court,* Jurisdiction, Review of action
with respect to the civil service.   *Municipal Corporations,* Officers
and agents. .

The determination of a proper financial policy for a town is not a judicial
function.
A district court has no jurisdiction under G. L. (Ter. Ed.) c. 31, §§ 42A,
42B, 43, 45, to review action taken by the selectmen of a town unless
the question at issue is judicial in its character.
There was no such jurisdiction in a district court, on petitions by a police
officer and by a member of the fire department of a town, to review
action by the selectmen, acting within the authority of their office, in
reducing, for the year 1933, the compensation of all town employees,
including police officers and firemen, to an amount equal to eighty-
seven and one half per cent of the amount prevailing during the year
1932 for the sole stated reason that the reduction was due to the
depressed financial condition of the town, no bad faith on the part
of the selectmen being disclosed.

Two PETITIONS, filed in the Supreme Judicial Court for
the county of Norfolk on May 1, 1933, for writs of cer-
tiorari, described in the opinion.

VOL. 286.                    1

The cases were heard by *Crosby*, J., upon the petitions and returns by the respondent. Material facts are stated in the opinion. The single justice reported the cases, under G. L. (Ter. Ed.) c. 231, § 111, for determination by the full court.

The case was submitted on briefs.

*J. W. Bartlett & W. F. Coles*, for the petitioners.

*G. A. McLaughlin & W. H. McLaughlin*, for the respondent.

RUGG, C.J.   These are petitions for writs of certiorari respectively brought by the selectmen of the town of Milton and by the selectmen and the chief of the fire department of that town to quash the proceedings before the respondent and to set aside his decision upon petitions for review of the action of the selectmen and chief of the fire department in lowering the compensation of a police officer and member of the fire department of Milton, respectively.

Each case was reported upon the petition and return without decision, there being agreement as to all material facts. Thus it appears that on January 6, 1933, by action of the selectmen of Milton, the compensation of all town employees, including police officers and firemen, was fixed for the year 1933 at an amount equal to eighty-seven and one half per cent of the amount prevailing during 1932. Prior to this due notice of a lowering in compensation had been sent to the employees, and within three days of such notice a police officer and a member of the fire department each requested in writing that a public hearing be held. Hearings were held on December 21, 1932, and on January 3, 1933. The chairman of the board of selectmen presided. He excluded evidence offered by the employees relating to the financial condition of the town although the reasons for the lowering of compensation were stated in the notice to the employees to be the economic condition of the town and its added expenditures. The only evidence in support of the reduction of compensation was the reading of the vote of the selectmen for this lowering of compensation. No charges of misconduct or unfitness for office were presented at these hearings. The sole reason relied on for the lowering of com-

pensation was that it was part of a general downward revision of salaries due to the depressed financial condition of the town. On January 6, 1933, the employees were formally notified of the salary reduction. Within thirty days after the hearing, petitions for review of these acts of the petitioners were brought before the respondent under the statutes relating to civil service. G. L. (Ter. Ed.) c. 31, §§ 42A, 42B, 43, 45. After hearing, motions to dismiss the petitions were denied, and on April 26, 1933, after review, the respondent reversed the decisions of the selectmen, holding that their action was not justified and was taken without proper cause.

Findings of the respondent were that careful consideration of all the evidence introduced at the public hearings held on December 21, 1932, and January 3, 1933, failed to establish with any degree of conclusiveness that when the petitioners issued their notices of December 15, 1932, they actually believed that it was necessary in order to relieve the town of Milton of necessary financial burdens to lower in compensation the members of the police department or the members of the fire department. If it was the duty of the selectmen at the public hearings to assume the burden of proof with reference to all the reasons set forth in their notices to the members of the police department and the members of the fire department and at the public hearing to establish conclusively that the financial condition of the town of Milton absolutely required a lowering in compensation of members of the police department and of the fire department, then he was forced to find the conclusion that such burden was not sustained. If, on the other hand, all the evidence introduced at the public hearing is to be considered without reference to the burden of proof, then he was obliged to find that there was no necessity with reference to the financial affairs of the town of Milton which would require that such drastic action on the ground of economy be taken by the board of selectmen or by the chief of the fire department. A false or uncalled for economy should not be permitted to affect the morale of such classified public servants as members of the police department or members of the fire department, nor should any action be taken which might unnecessarily affect the

efficiency of the department. When in 1900 the town of Milton adopted the provisions of a statute placing the members of the police department under the provisions of the civil service law, it accepted the provisions of that act as an additional assurance to the members of the police department that they should not be lowered in compensation unless such lowering in compensation was justified.

It has not been contended by any party to these proceedings that the selectmen did not have authority to make a general and uniform reduction in the compensation paid to all policemen, all firemen, and all other employees of the town. The controversy relates to the justification for such reduction in the cases at bar and the appropriate procedure respecting such reduction under the civil service law. Definite duties with respect to town expenses are laid upon selectmen. G. L. (Ter. Ed.) c. 41, §§ 59, 60. They have a wide and undefined field in the management of the prudential affairs and in the general superintendence of the business of towns. Since no question as to the power of the selectmen in this particular has been raised by the parties or alluded to by the respondent in his findings, the assumption is made that this power falls within the sphere of general or implied authority of selectmen and was possessed by the petitioners. *Smith* v. *Cheshire*, 13 Gray, 318, 319. *Clark* v. *Russell*, 116 Mass. 455, 457. *Adams* v. *Selectmen of Northbridge*, 253 Mass. 408, 410. *Meader* v. *West Newbury*, 256 Mass. 37, 40. Compare *Goff* v. *Rehoboth*, 12 Met. 26. *Amerige* v. *Saugus*, 208 Mass. 51. *Ducey* v. *Brunell*, 250 Mass. 114, 116. *McGovern* v. *Southbridge*, 264 Mass. 578, 583. The cases are treated on this point as they have been argued.

No legislative or executive power can be constitutionally conferred upon the courts. That is strictly forbidden by art. 30 of the Declaration of Rights. *Case of Supervisors of Election*, 114 Mass. 247. *Boston* v. *Chelsea*, 212 Mass. 127. *Dinan* v. *Swig*, 223 Mass. 516. *Horton* v. *Attorney General*, 269 Mass. 503, 514.

The constitutionality of G. L. (Ter. Ed.) c. 31, §§ 42A, 42B, 43, 45, as applied to the status of individual police

officers and firemen, has been expressly upheld. *Driscoll v. Mayor of Somerville,* 213 Mass. 493. *Barnes* v. *Mayor of Chicopee,* 213 Mass. 1. Numerous actions founded on those sections have been entertained. *Mayor of Medford v. Judge of District Court,* 249 Mass. 465; *Whitney* v. *Judge of the District Court,* 271 Mass. 448, and cases cited in each decision. The exercise of executive functions as to a police officer or fireman with respect to his removal, suspension, transference from office, or lowering in rank or compensation, or abolition of office, taken after a full hearing upon adequate notice with statement of reasons for proposed action, is in the nature of a judicial investigation. *McCarthy v. Emerson,* 202 Mass. 352. Therefore, the duty to review such hearing is judicial in character and may be imposed upon the courts. *Driscoll* v. *Mayor of Somerville,* 213 Mass. 493. Such action differs in nature from a sweeping determination of municipal policy as to the scale of salaries to be paid to all municipal employees or to all employees of a considerable department of the municipal government. The general scheme of financial administration of a town rests upon the exercise of common sense applied to practical problems of municipal government. It involves the promotion of the public welfare in a wide sense. It must be supported by taxation dependent in its final analysis upon votes for appropriations passed at a town meeting. In a broad meaning, it may partake both of legislative and executive functions. Considerations of municipal economy, the rate of taxation, the efficiency of the public service, the necessities for preservation of law and order and other factors must enter into the solution of such a problem. This is not a judicial function.

In *Alger* v. *Justice of the District Court,* 283 Mass. 596, (decided since the argument of the case at bar) a question was raised as to these sections of the civil service law with reference to an ordinance of a city reducing by fifteen per cent all salaries in the police and fire departments. It there was said that these provisions of the civil service "law are manifestly applicable to executive or administrative action taken by appointing officials in the case of

individual civil servants. They can readily be observed in such cases. They are equally manifestly inapplicable to action of a city council dealing by ordinance with the financial relations of a department with the budget of the city, and, under express authority from the Legislature, fixing compensation throughout that department. The provisions for review by a judge of the District Court must be confined to cases where judicial power is to be exerted. We cannot assume that the Legislature intended to require the judge to exercise a legislative power, and to submit to him the propriety of passing an ordinance.'' This principle is equally applicable to the action of the responsible representatives of a town. It was held in *Reynolds* v. *McDermott*, 264 Mass. 158, that the civil service law provided for no judicial determination of the legality of a city ordinance abolishing the petitioner's office in the absence of evidence that the ordinance was passed in bad faith or as a mere device to get rid of the petitioner. In *Yunitz* v. *Chelsea*, 270 Mass. 179, the plaintiff's position was abolished by the mayor on grounds of economy, and after hearing under the civil service law his act was upheld by the judge of the District Court. No error was found by this court. These decisions support the conclusion that there can be no review of a hearing before an administrative or legislative board or officer by a court of law unless the question at issue is judicial in its character. *McCarthy* v. *Emerson*, 202 Mass. 352. *Driscoll* v. *Mayor of Somerville*, 213 Mass. 493. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 548. *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, 181.

It is manifest that the respondent did not proceed in accordance with these principles in deciding the petitions for review filed in the District Court. As matter of interpretation, his findings of fact do not disclose bad faith on the part of the petitioners in making the reductions. They fall short of reaching that point. Good faith is presumed. The findings mean simply that the respondent disagreed with the petitioners in their theory of general municipal economy as applied to compensation of employees of the town. In a broad sense, that was a legislative or executive

subject.   Whether the petitioners acting in good faith were mistaken in that theory was not a question judicial in character.   It therefore was not a matter for the respondent to decide in his capacity as judge.   It was not within his province to pass upon the general financial policy of the petitioners in administering the affairs of the town.   That was for determination by the petitioners acting in good faith subject to final review by the voters of the town in making appropriations.

It follows that in each case the writ of certiorari must issue quashing the record of decision of the respondent. *Mullen* v. *Board of Sewer Commissioners of Milton,* 280 Mass. 531, 537, 538.

*So ordered.*