**ABRUZZI FOODS, INC., Plaintiff**

v.

**PASTA & CHEESE, INC. and
Carnation Company,
Defendants.**

**Civ. A. No. 87–2018–H.**

United States District Court,
D. Massachusetts.

June 9, 1988.

Bart Vinik, Vinik & Loew, Newton, Mass., for plaintiff.

Sydelle Pittas, Gaston & Snow, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Presently before the Court is defendant Pasta & Cheese, Inc.'s ("Pasta & Cheese") and defendant Carnation Company's mo-tion to dismiss Count III of the plaintiff Abruzzi Foods Inc.'s ("Abruzzi") cause of action pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative, summary judgment pursuant to Fed.R.Civ.P. 56. The defendants also move for summary judgment on Counts I and II of the plaintiff's complaint. Carnation Company is the parent company of Pasta & Cheese.

Abruzzi, a producer and wholesaler of pasta, has brought suit against Pasta & Cheese, another producer and wholesaler of pasta. Abruzzi alleges that Pasta & Cheese is engaging in unfair competition by falsely describing and misrepresenting its products as "fresh" pasta.

Counts I and II of the complaint allege that Pasta & Cheese is unfairly competing against Abruzzi in violation of Mass. Gen. Laws Ann. ch. 93A, §§ 1–11 (West 1984) and the Massachusetts common law, by advertising, promoting and marketing its products as fresh pasta. Count III alleges that Pasta & Cheese has attempted to monopolize the market for pre-packaged pasta in the Commonwealth of Massachusetts through unfair competition. Mass. Gen. Laws Ann. ch. 93.

The gravamen of all three allegations is that the process of pasteurization of the pasta by the defendants in itself renders their pasta a non "fresh" food product. Therefore, labeling the pasta as fresh constitutes an unfair business practice.

During the course of oral argument, plaintiff requested that a jury be permitted to decide whether defendants' product is "fresh," or is not "fresh" because it is pasteurized. Plaintiff acknowledges that the term "fresh" as it relates to pasta has never been defined in the law, either under any statute, any regulation or in the opinion of any court, state or federal statute or regulation. Plaintiff urges this Court to create judicially the definition of "fresh" pasta as a matter of first impression; then on the basis of this Court's newly created definition submit the case to the jury to find as a matter of fact whether defendants' food product is "fresh."

Congress has authorized the Food and Drug Administration, under the Federal

Food, Drug and Cosmetic Act (the "Act") to promote honesty and fair dealing in the interest of consumers by promulgating "regulations fixing and establishing for any food, under its common or usual name so far as practicable, a reasonable definition and standard of identity, a reasonable standard of quality, and/or reasonable standards of fill of container ..." 21 U.S.C. § 341.[1] The congressional delegation of power to the Food and Drug Administration, much like the delegation to many federal agencies, provides only general guidance to the agency. The size of the food and drug industries which are subject to regulation and the public concern over the relationship of food and drugs to the nation's health explains the broad congressional delegation.

The Secretary of Health, Education and Welfare is authorized "to promulgate regulations for the efficient enforcement of the Act." 21 U.S.C. § 371. The Secretary who acts through the Food and Drug Administration is required to publish any proposal for the issuance, amendment or repeal of a regulation well in advance of its adoption. Food and Drug Administration proceedings may be commenced upon the agency's own initiative or upon petition by any person. 21 C.F.R. § 130.5. Any person who will be adversely affected by a proposal may request that a public hearing be held prior to the issuance, amendment or repeal of an agency regulation.

The formulation of rules regarding the purity of food and standards relating to its manufacture, preservation and labeling is a legislative function that is often performed through administrative agencies through a delegation from the legislative body. Under the doctrine of separation of powers, this Court lacks the authority to create a standard of what constitutes "freshness" in the pre-packaged pasta industry.

Federal courts do not have the power to enact legislation. "We do not sit as a superlegislature to determine the wisdom, need and propriety of laws that touch economic problems, business affairs or social conditions." *Griswold v. Connecticut*, 381 U.S. 479, 482, 85 S.Ct. 1678, 1680, 14 L.Ed.2d 510 (1965). "To do so would constitute encroachment upon the functions of a legislative body and would violate the time-honored principle of separation of power of the three great departments of our Government." *Joseph Skillken & Co. v. City of Toledo*, 528 F.2d 867, 878 (6th Cir.1975). Regulators are to regulate under legislative delegation; courts are to insure that such regulation remains within the scope of that statutory delegation.[2]

Even if plaintiff's claim is not preempted by the Food, Drug and Cosmetic Act,[3] the

---

1. The Food and Drug Administration promulgated rules setting standards for dried macaroni and noodle products after conducting public hearings in which they solicited opinions and comments from the food industry as well as other interested parties. *See* 21 C.F.R. Part 139.

2. Federal courts and the Supreme Judicial Court of Massachusetts have the power to interpret statutes and when necessary pass upon the constitutionality of legislation. Therefore, if the broad language of the Food, Drug and Cosmetic Act or any regulation promulgated by the Food and Drug Administration pursuant to the Act could be interpreted as evincing a definition of freshness, this Court would have the power, through statutory construction, to instruct a jury on the definition of fresh pasta. Even if the definition of freshness could be gleaned from the statute, this Court would defer to the Food and Drug Administration to define fresh pasta.

   In the case of concurrent agency and court jurisdiction, courts often apply the doctrine of primary jurisdiction, and defer to the special-ized administrative tribunal on questions within the tribunals expertise. Primary jurisdiction requires that a court refrain from deciding complex questions of fact and law in an area in which an administrative agency has special responsibility and expertise. Administrative agencies have the ability as a single forum to develop a uniform interpretation of legal standards and provide for efficient enforcement of the congressional mandate. *See generally, Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 91 S.Ct. 203, 27 L.Ed. 2d 203 (1970); *Public Citizens Health Research Group v. Com'r Food & Drug*, 740 F.2d 21 (D.C. Cir.1984); *Mashpee Tribe v. New Seabury Corp.*, 592 F.2d 575 (1st Cir.1979); *Casey v. Massachusetts Elec. Co.*, 392 Mass. 876, 467 N.E.2d 1358 (1984).

3. Defendants contend that plaintiff's state claims of unfair competition and attempt to monopolize are preempted by the Food, Drug and Cosmetic Act. *See Animal Legal Defense Fund v. Provimi Veal Corp.*, 626 F.Supp. 278 (D.

Massachusetts Supreme Judicial Court may not enact a definition of pasta "freshness," thus this Court, sitting in diversity, may not create such a definition for the Commonwealth of Massachusetts. *See Commonwealth v. Vickey*, 381 Mass. 762, 412 N.E.2d 877 (1980) (when statute appears not to provide for an eventuality, there is no justification for judicial legislation); *Bowe v. Secretary of the Commonwealth*, 320 Mass. 230, 237, 69 N.E.2d 115, 127 (1946) (judiciary barred from legislative field just as it is from executive); *Selectmen of Town of Milton v. Judge of District Court of East Norfolk*, 286 Mass. 1, 189 N.E. 607 (1934) (no legislative power can be constitutionally conferred on courts).

It is not the function of the judiciary to regulate an industry; it has neither the duty nor right, the experience nor capacity to do so. Courts interpret the law, they do not create it out of nothing. This Court is not competent in a legal or real sense to "make up" the meaning of "fresh" as that term applies to the making of pasta. I decline to act as a conjurer.

For the reasons stated above, defendants' Motion for Summary Judgment is GRANTED.

SO ORDERED.

---

Mass.1986). Since this Court rules that there exists no statute or regulation defining "fresh" pasta, there is no need to reach the issue of preemption.